HANNAH B. DELANO *vs.* IVORY H. BARTLETT & another.

Where a want of consideration is relied on in defence of an action on a promissory note; and evidence is given on the one side in the affirmative, and on the other in the negative, of the fact of consideration; the burden of proof is on the plaintiff to satisfy the jury, upon the whole evidence, of that fact.

THIS was an action of assumpsit, tried before *Fletcher*, J., in this court, on a note of which the following is a copy : —

"$1500.    Fairhaven, Jan. 23, 1838.    For value received, we, Ivory H. Bartlett as principal, and Thomas Cole as surety jointly and severally promise to pay Hannah B. Delano administratrix of the estate of the late Flavius Delano of Fairhaven, deceased, fifteen hundred dollars on demand with interest.    I. H. Bartlett.    Thomas Cole."

The plaintiff produced the note, and the signatures being admitted, there rested her case.

The defence relied on was a want of consideration.

On the back of the note was the following memorandum, signed by the plaintiff : —

"It is agreed by Hannah B. Delano, administratrix to the estate of Flavius Delano as named within, that payment shall not be demanded on the within note, until the adjustment of the sale and charter of the schooner Clarion shall take place, and that no more shall be demanded than shall be due said estate, after deducting said Bartlett's interest in the said settlement as owner of the schooner Clarion, and this memorandum is not to affect any larger interest said Bartlett may have in said settlement."

It appeared that this memorandum was made on the back of the note, some time after the note was given, and the money received by Bartlett, but how long after did not distinctly appear.

To maintain the defence, the defendants offered evidence, that the sum received by Bartlett of the plaintiff, and for which the note was given, was his own money, part of the proceeds of the sale of the schooner Clarion, of which he was part owner, by the master, the plaintiff's intestate ; that, of the proceeds which came to the hands of the plaintiff, as administratrix, the

sum now claimed was a portion, and was in fact less than the portion really belonging to the defendant Bartlett, and was paid to him by the plaintiff, supposing him entitled to it, and the note taken for it on the understanding and agreement, that if, on settlement between Bartlett and the plaintiff's intestate, it should appear, that Bartlett was not entitled to the money, then the plaintiff might call for it on this note; but that unless it appeared on such settlement, that the sum in question, or some part of it, belonged to the share of the plaintiff's intestate no part of the sum should be collected of the defendants; and that in point of fact, upon such settlement, the whole sum for which the note was given belonged to Bartlett, and was less than he was entitled to, and that no part of it belonged to the plaintiff's intestate.

All the evidence was submitted to the jury, to be considered and weighed by them, in settling the questions of fact involved in the defence.

The plaintiff, relying upon the note, as making out a *primâ facie* case, requested the judge to instruct the jury, that the burden of proof was on the defendants, to establish a want of consideration. But the presiding judge, considering that the defendants had produced evidence tending to disprove or overcome the *primâ facie* case on the part of the plaintiff; that the proof on both sides had been applied to the affirmative or negative of the same issue; and that the plaintiff was the party whose case required proof of a consideration, instructed the jury, that the burden of proof was throughout on the plaintiff, to satisfy them upon the whole evidence in the case of the fact of a consideration for the note.

The jury returned a verdict, under these instructions, for the defendants, and the plaintiff excepted.

*T. G. Coffin*, for the plaintiff, cited *Mandeville* v. *Welch*, 5 Wheat. 277; Chit. Bills, (2d ed.) 12, 13; Story, Notes, § 51; *Kelly* v. *Jackson*, 6 Peters, 622; *Towsey* v. *Shook*, 3 Blackf. 267; *Gray* v. *Gardner*, 17 Mass. 188; *Davis* v. *Jenney*, 1 Met. 221.

*T. D. Eliot*, for the defendants.

FLETCHER, J. The plaintiff having produced the note on

31 *

which this action was brought, and the signatures being ad-
mitted, rested her case on that evidence.   The defence relied
on at the trial was a want of consideration.   To maintain this
defence, the defendants offered evidence, that the sum received
by Bartlett of the plaintiff, and for which the note was given,
was Bartlett's own money, and was paid to him by the plaintiff,
supposing him entitled to it; and that the note was taken for it,
on the understanding and agreement, that if on the settlement
of the affairs between Bartlett and the plaintiff's intestate, it
should appear, that Bartlett was not entitled to the money,
the plaintiff might call for it on this note; and that in point
of fact the whole sum for which the note was given belonged
to Bartlett, and was less than he was entitled to, and that no
part of it belonged to the plaintiff's intestate.   All the evidence
was submitted to the jury, to be considered and weighed by
them, in settling the questions of fact involved in the defence.

The plaintiff, relying on the note, which, upon its face, im-
ported a consideration, and thus making out a *primâ facie* case,
requested the court to instruct the jury, that the burden of
proof was on the defendants, to establish the want of considera-
tion.   But the defendants having produced evidence tending
to disprove or overcome this *primâ facie* case, on the part of the
plaintiff, and the proof on both sides being applied to the
affirmative or negative of the same issue, the plaintiff being
the party whose case required proof of a consideration, the
presiding judge instructed the jury, that the burden of proof
was throughout on the plaintiff, to satisfy them, upon the whole
evidence in the case, of the fact of a consideration for the note.
To this ruling and instruction the plaintiff's counsel excepted.

The rule in regard to the burden of proof is laid down with
great distinctness in the case of *Powers* v. *Russell,* 13 Pick.
69, 76.   The chief justice says: " It was stated here, that
the plaintiff had made out a *primâ facie* case, and therefore
that the burden of proof was shifted and placed on the defend-
ant.   In a certain sense this is true.   When the party, having
the burden of proof, establishes a *primâ facie* case, and no
proof to the contrary is offered, he will prevail.   Therefore,
the other party, if he would avoid the effect of the *primâ facie*

Delano *v.* Bartlett & another.

case, must produce evidence of equal or greater weight, to balance or control it, or he will fail.   Still, the proof upon both sides applies to the affirmative or negative of one and the same issue or proposition of fact, and the party, whose case requires the proof of that fact, has all along the burden of proof.   It does not shift, though the weight in either scale may at times preponderate.   But when the party having the burden of proof gives competent and *primâ facie* evidence of a fact, and the adverse party, instead of producing proof which would go to negative the same proposition of fact, proposes to show another and a distinct proposition, which avoids the effect of it, then the burden of proof shifts and rests upon the party proposing to show the latter fact."

Apply this rule to the present case, and it is quite clear, that the instruction to the jury was entirely correct.   It was incumbent on the plaintiff to prove a consideration for the note, which was the foundation of the suit.   That was a part of her case, and the burden was on her to establish that fact.   But the note itself was *primâ facie* evidence of a consideration ; so that, by producing the note, the plaintiff made a *primâ facie* case.   That evidence, if not rebutted, would be sufficient to maintain the plaintiff's case.   But it was competent for the defendants to rebut this evidence on the part of the plaintiff, and thus to avoid the *primâ facie* case made by her.   Accordingly the defendants did offer evidence to rebut the evidence on the part of the plaintiff, and to show that there was no consideration.   The evidence on both sides applied to the affimative or negative of the same issue or proposition of fact, a consideration for the note, and the plaintiff's case requiring her to establish that fact, the burden of proof was all along on her to satisfy the jury, upon the whole evidence in the case, of the fact of a consideration for the note.   The rule, as laid down in the case of *Powers* v. *Russell,* has been fully recognized in the cases of *Parish* v. *Stone,* 14 Pick. 198, 201 ; *Davis* v. *Jenney,* 1 Met. 221, 224 ; *Sperry* v. *Wilcox,* 1 Met. 267 ; *Commonwealth* v. *Dana,* 2 Met. 329, 340 ; *Brown* v. *King,* 5 Met. 173, 180 ; *Tourtellot* v. *Rosebrook,* 11 Met. 460, 463.   In *Jennison* v. *Stafford,* 1 Cush. 168, the defence was not an original want

of consideration, but a failure of consideration, that is, to avoid the *primâ facie* case of the plaintiff made by producing the note, the defendant proposed to show another and distinct proposition. The court no doubt correctly ruled, that the burden of proof was on the defendant, to make out this distinct proposition to avoid the *primâ facie* case of the plaintiff. There is a sentence in this opinion, which may be misunderstood. The judge, in delivering the opinion, says: " Such a note is presumed to be founded on a valid and sufficient consideration, and the burden of proof is on the maker to establish the contrary." This must be understood to mean, that the burden of proof is on the maker to rebut the *primâ facie* case made by producing the note, otherwise the *primâ facie* evidence will be conclusive.          *Exceptions overruled.*