WILLIAM A. PRESCOTT *vs.* WINSLOW S. KYLE.

A lessor may, by an action under the Gen. Sts. *c.* 137, recover possession of the demised premises, without entry or notice to quit, against his lessee who has knowingly underlet them for the remainder of his term to be used for the illegal sale of intoxicating liquors and allows such use thereof.

ACTION under the Gen. Sts. *c.* 137, to recover possession of a shop in Boston. Writ dated May 28, 1868. At the trial in the superior court, before *Morton*, J., without a jury, it appeared that the plaintiff, who was owner of the premises, leased them to the defendant by a written lease, to hold for three years from March 10, 1867; that the defendant underlet them to Charles Phillips by a written lease to hold for two years and one month from February 10, 1868; that Phillips took possession under his lease, had since continued in the use and occupation of the premises, and used them for the illegal keeping and sale of intoxicating liquors; and that " the defendant knowingly let the premises to Phillips to be used by him for the illegal keeping and sale of intoxicating liquors, and knowingly permitted the premises to be used by Phillips for such illegal keeping and sale." It was not shown that the plaintiff gave the defendant or Phillips any notice to quit the premises, or demanded possession thereof of either of them, or made any entry on the premises prior to the date of the writ.

The defendant contended that upon these facts the plaintiff was not entitled to maintain this action against him; but the judge ruled otherwise, and found for the plaintiff. The defendant alleged exceptions.

*L. W. Howes*, for the defendant.

*J. B. Richardson*, for the plaintiff.

COLT, J The lease of the defendant to Phillips was absolutely void at the election of the plaintiff. It was made by the defendant with the knowledge that the premises were to be used for an illegal purpose, which by the statute made it a common nuisance. The act of making the lease subjected him to punishment as guilty of aiding in the maintenance of a nuisance.

Gen. Sts. *c.* 87, §§ 6–9. The defendant knowingly permitted such illegal use after making the alleged lease. Under the circumstances, a court must be justified in finding that he was a participator in such use. Otherwise a lessee might intentionally devote the leased premises to an unlawful use through his undertenant. By the same statutes, such use annuls and makes void the lease, and without any act of the owner causes the right of possession to revert and vest in him. He may, without process of law, make immediate entry, or avail himself of the remedy sought in this case. After notice of such use, he is required under severe penalties to take measures to eject the occupant. These stringent provisions imply that no notice is necessary to the tenant before commencing this process. The continuance of a nuisance is not protected by the law which requires notice to terminate a tenancy for nonpayment of rent, or entry for breach of condition. *Trask* v. *Wheeler*, 7 Allen, 109. *Way* v. *Reed*, 6 Allen, 364, 370. Taylor Landl. & Ten. § 521. *Healy* v. *Trant*, 15 Gray, 312. *Exceptions overruled.*