E. P. GREENLEAF & another *vs.* WILLIAM H. ALLEN, executor.

Suffolk.    March 17. — July 30, 1879.    MORTON & ENDICOTT, JJ., absent.

A promise under seal to pay rent is a covenant.

A declaration in an action of contract against an executor, for rent accruing both before and after the death of the testator, alleged that the testator, in his lifetime, made an agreement in writing, under seal, by the terms of which the plaintiffs leased unto the testator and the testator hired certain premises, and covenanted and promised to pay a certain rent therefor; which the testator in his lifetime did not keep and the executor did not keep, but both have failed to pay the rent; and that a certain sum was due for rent. Annexed to the declaration, and made part of it, was a copy of the indenture, which stated the amount of rent, and contained this clause : "And the said lessee doth promise to pay the said rent." *Held*, that the declaration was a sufficient declaration in contract in the nature of covenant under the Gen. Sts. c. 129, § 2.

Damages for breaches of a covenant to pay rent, before and after the death of the lessee, may be recovered in one action against his executor.

Under the Gen. Sts. c. 99, § 20, an action on a disputed demand, pending against an executor at the time the estate of his testator is represented insolvent, may proceed to judgment so as to ascertain the amount due.

In an action on a lease under seal, against an executor for arrearages of rent, the defendant, who had an assignment of the lease from the lessee, of which assign-

ment he contended the lessor had notice, but which the lessor denied, asked the judge to rule that, if the jury found that the plaintiff released the lessee from the arrearages of rent, or told him or the defendant that he need not pay the arrearages, or that the conversations and course of dealing of the plaintiff with the defendant were such as to excuse the defendant from the payment of such arrearages, as an inducement to the defendant to continue to occupy the premises under the lease, then the plaintiff was estopped to claim them. The judge instructed the jury that, if the plaintiff had released the lessee from the payment o᷄ the arrearages, he could not recover them. *Held*, that the instruction was sufficiently favorable to the defendant.

An assignment of a lease by the lessee does not affect the liability of the lessee on his covenant to pay rent.

CONTRACT against the executor of William W. Allen. Writ dated February 26, 1878. The declaration was as follows: "And the plaintiffs say that the defendant's testator, William W. Allen, late of Boston deceased, in his lifetime made an agreement in writing under seal with the plaintiffs, by the terms of which the plaintiffs, by indenture of lease, leased unto said testa tor and said testator hired of the plaintiffs certain premises situated in said Boston on the corner of North Street and Dock Square, a copy of which lease is hereto annexed and made a part of this declaration. And said testator among other things covenanted and promised to pay the rent of $4500 annually, in quarterly payments of $1125 each, the first payment to be made January 1, 1871, which said testator in his lifetime did not keep, nor has the defendant executor as aforesaid kept the same, but both of them have failed so to do, and have failed to pay the rent which has accrued and become due on said lease, although often requested so to do. And the plaintiffs say there has accrued and become due to the plaintiffs, as rent on said lease and according to the terms thereof, on the first days respectively of July and October, 1875, and January, April, July and October, 1877, and January 1878, for the quarters ending on said days respectively, the sum of $1125 for each of said quarters, making the aggregate sum of $12,375." Then followed a statement of certain sums admitted to have been paid, and of the amount claimed to be still due. Annexed to the count was a copy of the indenture, dated March 15, 1870, which described the premises as then occupied by the lessee and others, and by which the premises were leased for the term of ten years from October 1, 1870. The clause relating to the rent was as follows: "Yield

ing and paying rent therefor the sum of $4500 annually. And the said lessee doth promise to pay the said rent in quarterly payments of $1125 each, the first payment to be made January 1, 1871."

The answer admitted the execution of the lease, and that the defendant was duly appointed executor of the lessee; set up an assignment of it under seal by the lessee to the defendant, on October 1, 1871, and notice thereof to the plaintiffs; and alleged an agreement between the plaintiffs and the defendant by which the plaintiffs released all sums due under the lease except those which they admitted to have been paid; and that the original lessee died on June 24, 1876.

Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions in substance as follows:

William W. Allen entered under the lease, and let the premises to several sub-tenants. The defendant, a son of William W. Allen, put in evidence an assignment of the lease from his father to himself, dated October 1, 1871. There was evidence tending to show that the defendant had charge of much of his father's business, often attended to the payment of the rent to the lessors, to sub-letting, and collecting the rents from the sub-tenants, before and after the assignment; and sometimes gave receipts to the sub-tenants in the name of his father, one of which was dated January 1, 1876. A written agreement was put in evidence reducing the rent to one of the sub-tenants, dated January 1, 1876, signed by W. W. Allen. The rent under the lease was paid in full to April 1, 1875. There was unpaid of the rent, on January 1, 1876, a sum which, with interest to the time of trial, amounted to $2,928.75.

In January 1876, Richard C. Greenleaf became the agent of the plaintiffs, with full power in all matters connected with the lease, and he reduced the rent to $800 a quarter. The plaintiffs contended that this reduction commenced July 1, 1876, but the defendant contended that it was to commence January 1, 1876.

The defendant contended, and offered evidence tending to show, that Richard C. Greenleaf, by an oral agreement with the defendant, not only reduced the rent subsequent to January 1876, to $800 a quarter, but remitted the arrearages due previous and up to that time, in consideration of the shrinkage of the

rental values, and the agreement of the defendant to continue the tenancy and pay $800 a quarter from January 1, 1876. But the plaintiffs controverted the claim, so far as related to the arrearages previous to January 1, 1876, and introduced evidence tending to show that those arrearages never were remitted or discharged by Richard C. Greenleaf.

The defendant also contended and testified that, in December 1875, he informed the plaintiff Greenleaf of the assignment of the lease from his father to him, dated in 1871, and that he informed Richard C. Greenleaf, in December 1875, or January 1876, of the assignment; but the plaintiffs put in evidence in contradiction of both of these claims.

Between January 1, 1876, and January 1, 1878, there was, accrued and unpaid rent, a sum which, with interest to the time of trial, amounted to $2,366.68, if the reduction was to take effect from July 1, 1876; and, if the reduction was to take effect from January 1, 1876, the amount was $1,622.06. Whichever of these sums should be proved to be the true amount of the arrearages after the agreement to reduce the rent to $800 a quarter, the plaintiffs sought to recover in this action, as well as the arrearages previous to January 1, 1876, before stated. The lease was terminated by the plaintiffs for non-payment of rent, on April 2, 1878. There was no evidence of a demand of the arrearages of rent accrued before January 1, 1876, until a short time before January 1878. The plaintiffs introduced evidence tending to show a statement of the amount some time in 1877, presented to the defendant as executor, including those arrearages.

William W. Allen died on June 24, 1876, and the defendant was appointed his executor on July 24, 1876, and was duly qualified as such. The defendant put in evidence his representation of insolvency of the estate of his testator, July 19, 1878, but it did not appear that there was any claim provable against the estate, except the claim in this suit.

The defendant requested the judge to instruct the jury as follows: "1. The declaration in this case is for a cause of action arising on a debt, and not a breach of covenant; and where lessors have, as in this case, received rent from an assignee of the lessee, the lessee or his executor is only liable in an action

for a breach of his express covenants. 2. The declaration being debt, an executor sued for rent accruing subsequent to the death of his testator can only be sued in the *detinet* and not in the *debet*. 3. This being an action of debt, the plaintiff can only recover the rent due prior to the assignment by the lessee, for the privity of estate was terminated by the assignment, and the defendant, if liable at all, would be liable in an action of covenant. 4. The lessors cannot prove against the estate of W. W. Allen any amount beyond the amount due at his death, his estate being insolvent. 5. There is no express covenant to pay rent on the part of the lessee, contained in the lease. 6. The plaintiff cannot recover any rent that accrued subsequent to the death of the testator in this action. 7. If the jury find that the plaintiffs or their agent, R. C. Greenleaf, acting for them, expressly released the lessee from the payment of the arrears of rent unpaid January 1, 1876, or that R. C. Greenleaf told the defendant that he or his father need not pay said arrearages, but might let them go, or that the conversations and course of dealing of R. C. Greenleaf with the defendant were such as to excuse him from the payment of said arrearages, as an inducement to the defendant to continue in occupation of the premises under the lease, then the plaintiffs are estopped from claiming those arrears, and the jury will find nothing for the plaintiffs on that account. 8. If the jury find that the defendant's testator assigned the lease to the defendant, in his lifetime, then the defendant is not liable as executor for any rent that accrued subsequent to the assignment."

The judge declined to instruct the jury as requested; but instructed them that, if Richard C. Greenleaf, the admitted agent of the plaintiffs, had released the lessee from the payment of the arrearages previous to January 1, 1876, the plaintiffs could not recover for them, although such release was not in writing; that the question for the jury was, whether or not he had remitted those arrearages of rent, and released the lessee from this payment; that the assignment of the lease, dated October 1, 1871, did not discharge the lessee named in the lease from his obligation to pay the rent, unless the lessors accepted W. H. Allen as tenant in place of the lessee named in the lease; but that, if the lessors, by themselves or their agent, R. C. Greenleaf, did accept

W. H. Allen as tenant in place of the lessee named in the lease, then the plaintiffs could recover the arrearages of rent which accrued since the substitution made by the assignment; that, upon the evidence, the jury must determine whether the reduction from $1125 per quarter to $800 took effect on July 1, 1876, or on January 1, 1876.

The jury returned a verdict for the plaintiffs for the full amount claimed; and the defendant alleged exceptions.

*J. W. Keith*, (*C. E. Pratt* with him,) for the defendant.

*W. H. H. Andrews*, for the plaintiff.

GRAY, C. J.    A promise under seal to pay rent is a covenant. The declaration is a sufficient declaration in contract in the nature of covenant, under the practice act.  Gen. Sts. *c.* 129, § 2. The defendant is liable in this action for the breaches of covenant, both before and after the death of his testator.  *Hovey* v. *Newton*, 11 Pick. 421.    A representation of insolvency does not prevent the prosecution of this action to judgment so as to ascertain the amount due.  Gen. Sts. *c.* 99, § 20.    *Greenwood* v. *McGilvray*, 120 Mass. 516.    The instructions given were, to say the least, sufficiently favorable to the defendant.    The jury, under those instructions, must have found that the plaintiffs had not, orally or in writing, released the rent in arrear; and there was no evidence of any such representation, other than a present release, as was suggested in the defendant's request for instructions.    An assignment of the lease by the lessee could not affect the liability of the lessee or his executor upon the covenants therein.  *Dwight* v. *Mudge*, 12 Gray, 23.    See also *Deane* v. *Caldwell, ante,* 242.                          *Exceptions overruled.*