BENJAMIN F. ALMY vs. JOHN W. GREENE.

A lessor's knowledge at the execution of the lease that premises demised will be used in violation of Gen. Stat. R. I. cap. 73, § 1, does not make the lease void when he neither shares nor furthers the lessee's illegal acts.

Nor does the mere use of leased premises in violation of Gen. Stat. R. I. cap. 73, § 1, avoid the lease under § 4 of the same chapter. § 4 is for the lessor's benefit, and he alone, at least when he is not privy to the illegal use, can take advantage of it.

The assignment of a lease by the lessee discharges neither the lessee nor his surety from the covenants contained in it.

An agreement pleaded in discharge of the covenants of a lease must be so set forth that the court can determine the validity of the agreement and its effect.

To a declaration in covenant assigning breaches, a plea of general performance is bad.

COVENANT.  On demurrers to pleas.

This action was brought against the defendant upon a sealed instrument by which he guaranteed the payment to the plaintiff of the rent of certain premises demised by the plaintiff to one John C. Payne.

Gen. Stat. R. I. cap. 73, §§ 1 and 4, are as follows:

"SECT. 1.  All buildings, places, or tenements used as houses of ill-fame, resorted to for prostitution, lewdness, or for illegal gaming, and all grog-shops, tippling-shops, or buildings, places, or tenements used for the illegal sale or keeping of intoxicating liquors, or where intemperate, idle, dissolute, noisy, or disorderly persons are in the habit of resorting, are hereby declared to be common nuisances, and are to be regarded as such.

"SECT. 4.  If any person, being a tenant or occupant under any lawful title, of any building or tenement not owned by him, shall use said premises or any part thereof for any of the purposes enumerated in the first section of this chapter, such use shall annul and make void the lease or other title under which said occupant holds, and, without any act of the owner, shall cause to revert and vest in him the right of possession thereof, and said

owner may make immediate entry, without process of law, upon the premises."

Gen. Stat. R. I. cap. 232, § 7, provides:

" Whenever the lessee of a dwelling-house shall be convicted of keeping the same as a house of ill-fame, the lease or contract for letting such house shall, at the option of the lessor, become void; and such lessor shall thereupon have the like remedy to recover possession as against a tenant holding over after the expiration of his term."

The defendant pleaded:

1. That the premises, " from the date of the beginning of said demise, and from thence continuously to the day of the date of the plaintiff's writ, have been used by the said Payne and his assigns for a grog-shop and tippling-shop, and for the illegal sale of intoxicating liquors, whereby the lease, demise, and indenture aforesaid were annulled and made void in law, and whereby the right of possession of the said premises reverted to the said Benjamin F. Almy, to wit: on the        day of        A. D. 18        and ever since said day, at all times, the said plaintiff has been and remained in rightful and lawful possession of said premises, notwithstanding the said supposed indenture first mentioned in the plaintiff's declaration, whereby the said supposed indenture and covenants mentioned in said declaration became, and were, and are, wholly void in law, whereby the said supposed covenant of the defendant became, and was, and is vacated, annulled, avoided, and made of no effect."

2. That the premises, &c., as above, but averring the use by Payne "as a house of ill-fame, resorted to for prostitution and lewdness," and closing as above.

3. That before and at the time of the execution of the lease, " it was well known to said plaintiff that the premises were demised to the said Payne, *for the purpose and intent on the part of him the said John C. Payne,* to use the said demised premises for the illegal sale and keeping for sale thereon of intoxicating liquors, and that from the time of the making of said supposed indenture, to the time of commencing this action, it has been well known to said plaintiff that the premises have continuously, from the time of the date of the said indenture to the time of com-

mencing this action, been used by said supposed lessee, John C. Payne, for a grog-shop," &c., " and for the habitual resort of idle, dissolute, noisy, intemperate, and disorderly persons ; and the premises have been used for the illegal sale and illegal keeping for sale of intoxicating liquors thereon, whereby," &c.

4. That before, &c., as in the third plea, but averring the use by Payne " as a house of ill-fame, resorted to for prostitution and lewdness," and omitting the words printed in italics in the third plea.

5. That after the lease was executed, Payne assigned it, whereby the defendant's covenant was released, &c.

6. That after the lease the plaintiff and Payne " did by mutual agreement between themselves, to which agreement the said defendant was not a party, materially alter, vary, and modify the substantial conditions and provisions," of the lease, whereby the defendant's covenant became void as to future rents.

7. General performance.

To all these pleas the plaintiff demurred, and the defendant joined in the demurrers.

*July* 8, 1881.  PER CURIAM.  The pleadings raise several questions to the court, which we will decide in the order in which they are presented :

*First.* We think that under Gen. Stat. R. I. cap. 73, § 4, a mere use of leasehold premises for the purposes prohibited in § 1 does not, *ipso facto*, render the lease absolutely void, but that § 4 was intended for the benefit of the lessor, and that he alone can take advantage of the avoidance, at least unless he has been cognizant of the illegal use and has consented to it. This is the view which has been taken by the Supreme Judicial Court of Massachusetts of a statute from which § 4 was probably copied. *Way* v. *Reed*, 6 Allen, 364 ; *Trask* v. *Wheeler*, 7 Allen, 109 ; *Codman* v. *Hall*, 9 Allen, 335. The plaintiff's demurrers to the first and second pleas in bar are therefore sustained.

*Second.* The decision of the court is that knowledge on the part of the lessor, before and at the time of the execution of the lease, that the lessee intended to use the demised premises in violation of Gen. Stat. R. I. cap. 73, § 1, was not sufficient to render the lease void in the absence of any other participation

in, or furtherance of, the illegal purpose by the lessor. *Kreiss* v. *Seligman*, 8 Barb. S. C. 439 ; *Dater* v. *Earl*, 3 Gray, 482 ; *Ralston* v. *Boady*, 20 Ga. 449 ; *Sortwell* v. *Hughes*, 1 Curtis, 244 ; *Hill* v. *Spear*, 50 N. H. 253 ; *Gaylord* v. *Soragen*, 32 Vt. 110 ; *Aiken* v. *Blaisdell*, 41 Vt. 655 ; *Green* v. *Collins*, 3 Clifford, 494 ; Benjamin on Sales, § 511, note.  The plaintiff's demurrers to the third and fourth pleas are therefore sustained.

· *Third.* We think the fifth plea bad.  An assignment of a lease by the lessee does not discharge either the lessee or his surety from the covenants.  It does not have this effect even when the lessor recognizes the assignment by accepting rent from the assignee.  *Way* v. *Reed*, 6 Allen, 364 ; *Hunt* v. *Gardner*, 39 N. J. Law, 530 ; *Damb* v. *Hoffman*, 3 E. D. Smith, 361 ; Taylor on Landlord and Tenant, § 438.  The demurrer to the fifth plea is sustained.

*Fourth.* The sixth plea is also bad.  It alleges generally that after the lease was made the lessor and lessee by agreement, to which the defendant was not a party, altered the terms of the lease, whereby the defendant's covenant became void.  The agreement is not duly pleaded.  The court cannot determine until it is more fully set forth whether it would have the effect which is claimed for it or not, or, in fact, whether it was a legally binding agreement.  The demurrer to the sixth plea is likewise sustained.

The seventh plea, which is a plea of general performance, is bad in point of form, and will be stricken out, unless the defendant wishes to amend by pleading directly and specifically to the breach assigned.                               *Demurrers sustained.*

*Tillinghast & Ely*, for plaintiff.

*Henry J. Spooner & Albert R. Greene*, for defendant.