GEORGIANNA JOHNSON & another *vs.* EUGENE W. STONE,
administrator.

Essex.    May 22, 1913. — June 16, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Landlord and Tenant.   Executor and Administrator.*

In an action against an administrator on a covenant to pay rent contained in a
lease from the plaintiff to the defendant's intestate, it is no defense that before
the rent accrued the defendant obtained a responsible person ready to accept
an assignment of the lease whom the plaintiff refused to accept as a tenant,
the obligation to pay rent being terminable only by a surrender of the lease
accepted by the lessor.

CONTRACT, against an administrator, for $300 upon a cove-
nant to pay rent contained in a lease from the plaintiffs to the
defendant's intestate dated April 15, 1907, for the term of five
years from May 15, 1907.   Writ in the Police Court of Lynn
dated May 1, 1911.

On appeal to the Superior Court the case was tried before
*Bell,* J.   It appeared that the lease was in the ordinary form and
contained a covenant of the lessee "not to lease, nor underlet
. . . but with the approbation of the lessors or Chase and Lunt,
agents, thereto, in writing, having been first obtained;" that
the defendant's intestate died in September, 1909, and that the
defendant was appointed administrator in January, 1910.   The
defendant relied on a defense, set up in his answer, that the plain-
tiffs had prevented the defendant from making an assignment of
the leased premises.   The defendant made an offer of proof as
follows:

"The defendant offers to show that the defendant entered
into negotiations with a man who was of sufficient financial
responsibility to be acceptable as a tenant by a prudent land-
lord, whereby that man was willing and stood ready to take
from the defendant an assignment of the two leases* in question;

---

* There was a second action on another similar lease.  The cases appear to
have been tried together.

that, further, the plaintiffs and their agents acting for them stated to that man that they would not recognize the proposed assignment as entitling the man to any rights in the property covered by the leases if that assignment were actually made and that by reason of those statements made by the plaintiffs and their agents the man in question declined and refused to accept the proposed assignments and would have nothing further to do with the matter, and that, further, the defendant thereupon gave to the plaintiffs the keys of the premises and notified them that he considered himself to be discharged from further liability under the leases by reason of the statements made by the plaintiffs whereby the man in question was caused to refuse to take the assignments. "

It was agreed that the redelivery of the keys was not an acceptance of a surrender of the lease.

The judge ruled that the facts stated in the offer of proof would not constitute a defense to the action, and, there being no dispute as to the other matters involved in the case, ordered a verdict for the plaintiffs for the amount claimed. The defendant alleged exceptions.

The case was submitted on briefs.

*R. E. Burke & E. E. Crawshaw*, for the defendant.
*W. H. Niles & E. S. Underwood*, for the plaintiffs.

BRALEY, J. By the death of the lessee during the term, the leasehold became personal assets of his estate, and the restrictive covenant not to lease, nor underlet, nor permit any other person or persons to occupy or improve the premises but with the approbation of the lessors thereto in writing having been first obtained, while binding the lessee, did not prevent the leasehold interest from passing to the defendant as the administrator of his estate. *Smith* v. *Putnam*, 3 Pick. 221, 223. *Bemis* v. *Wilder*, 100 Mass. 446. *Squire* v. *Learned*, 196 Mass. 134, 136.

But the defendant's offer of proof, that he obtained a purchaser ready to accept an assignment, but who afterwards withdrew because the plaintiffs refused to recognize him as a tenant, affords no defense, and was rightly excluded. If the sale had been perfected by an assignment, the defendant still would have been liable by privity of contract under the intestate's covenant to pay the rent for the amount shown by the stipulations of the parties, although the assignee also might have been bound through

privity of estate. *Way* v. *Reed,* 6 Allen, 364, 368, 369. *Hovey* v. *Newton,* 11 Pick. 421. *Bradford* v. *Patten,* 108 Mass. 153. *Greenleaf* v. *Allen,* 127 Mass. 248. *Deane* v. *Caldwell,* 127 Mass. 242. *Donaldson* v. *Strong,* 195 Mass. 429, 431, and cases cited. Nor would the acceptance of rent from the assignee bar an action against the defendant for rent subsequently accruing and remaining unpaid. *Way* v. *Reed,* 6 Allen, 364, 368, 369. *Greenleaf* v. *Allen,* 127 Mass. 248. The defendant could be relieved only by a surrender of the remainder of the term unconditionally accepted by the lessors, and in ·the absence of such evidence the judge properly ordered a verdict for the plaintiffs. *Deane* v. *Caldwell,* 127 Mass. 242.

*Exceptions overruled.*