## No. 2233
### Second Circuit Appeal

---

**JAMES G. DAVIS, DIRECTOR GENERAL OF RAILROADS OF THE UNITED STATES, v. SELIG & BAUGHMAN HARDWARE COMPANY, IN-CORPORATED**

---

(May 9, 1925, Opinion and Decree.)

(June 23, 1925, Opinion and Decree on Rehearing.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Laws—Par. 70; Carriers of Passengers and Goods—Par. 160; Prescription—Par. 3, 5, 7.**

Section 424 of the Transportation Act, 41 Federal Statutes 492 applies only to common carriers apart from their operation under Federal control and therefore will not act as prescription against a claim of the Director General of Railroads for the balance of a freight charge.

2. **Louisiana Digest—Prescription—Par. 3, 5, 7.**

The two-year prescription provided by Act 223 of 1914 of Louisiana has no application to a suit by the Director General of Railroads for a balance due on freight charges.

3. **Louisiana Digest—Estoppel—Par. 22, 26.**

The defendant in a suit by a Railroad or Director General of Railroads to collect a balance due on a freight charge cannot successfully invoke the principle of estoppel against the right to collect the legal rate.

4. **Louisiana Digest—Evidence—Par. 182.**

Section 16 (L) of the Interstate Commerce Commission Act, Volume 4, Federal Statutes Annotated, 2nd edition, page 488 makes schedules of rates on file with the Interstate Commerce Commission certified to as correct by the Secretary of the Interstate Commerce Commission under the Commission seal as prima facie evidence with like effect as to the original in all judicial proceedings.

5. **Louisiana Digest—Judgment—Par. 11.**

Amount of war tax not proven in court cannot be allowed plaintiff.

ON APPLICATION FOR A REHEARING.

6. **Louisiana Digest—Costs and Fees—Par. 50.**

Where the decree of the Court of Appeal reduced the judgment of the lower court by a very minor amount the costs of appeal will still be paid by the appellee.

7. **Louisiana Digest—Evidence—Par. 13.**

The proper war tax to be applied to a charge for freight is a matter of law and needed no proof.

Appeal from Fourth Judicial District Court of Louisiana, Parish of Union, Hon. H. E. Dawkins, Special Judge.

This is a suit brought by the Director General of Railroads for the balance of a freight charge which was erroneously computed by the agent. There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

H. G. Fields, of Farmerville, Hudson, Potts, Bernstein and Sholars, of Monroe, attorneys for plaintiff, appellee.

Elder, Thompson and Digby, of Ruston, attorneys for defendant, appellant.

ODOM, J. On February 13, 1918, Selig & Baughman Hardware Company, Incorporated, the defendant, had a carload of wagons shipped to it at Farmerville, Louisiana, from South Bend, Indiana.

The shipment arrived at Farmerville over a branch of the Missouri Pacific Railroad Company March 5, 1918, and was delivered to the defendant on the same day.

Before or at the time the shipment was delivered to defendant it paid the freight charges of $42.38, which was the full amount claimed to be due by the agent of the railroad company.

It subsequently developed that the railroad company agent had made an error in computing the amount of the freight charges and that instead of the amount being $42.38 the correct amount was $165.00, or $122.62 more than the amount defendant paid.

At the time of the shipment the Missouri Pacific Railroad Company as well as its subsidiary lines was under Federal control and was being operated by the Director General of Railroads.

This suit is by the Director General to recover the undercharge, plus $3.74 war tax.

As stated, the shipment was made on February 13, 1918, and arrived at Farmerville and was delivered to defendant on March 5, 1918.

No demand was made on defendant to pay the additional amount of freight due until about three years later.

This suit was filed on March 3, 1923, just two days less than five years from the date of the shipment.

It is not disputed, as we understand counsel for defendant, that the correct amount of freight due on this shipment was $165.00, and the testimony shows that the only reason that this amount was not

paid by defendant is that the agent of the Missouri Pacific Railroad Company, the delivering carrier, made an error in computing the freight. Defendant paid the amount demanded by the agent. And we understand that a carrier's right under the law to recover the correct amount of freight where an error of this kind is made is conceded.

But defendant resists the payment of the amount demanded in this case on three grounds, set out by counsel in his brief as follows:

"First, that plaintiff's cause of action, if any he had, is barred by the prescription of three years as contained in Transportation Act Section 424 (41 Statutes 492) and the prescription of two years as set forth in Act 223 of the Legislature of Louisiana for the year 1914."

"Second, by equitable estoppel; and, Third, by the failure of the plaintiff to make out its case in the trial court by competent evidence."

On the question of prescription, counsel quotes Section 424 of the Federal Transportation Act as follows:

"All actions at law by carrier subject to this act for the recovery of their charges, or any part thereof shall be begun within three years from the time the cause of action accrues, and not after."

The United States Supreme Court, with Justice Sutherland as its organ, said, in the case of Dupont De Nemours & Co. vs. James C. Davis, Director General of Railroads, 264 U. S. 456 (68 Law. Ed. 788):

"Moneys and other property derived from the operation of carriers during Federal control as we have seen are the property of the United States. An action by the the Director General to recover on a liability arising out of such control is an action on behalf of the United States in its governmental capacity and therefore is subject to no time limitation in the absence of congressional enactment clearly imposing it."

And in the same case the court concluded its opinion as follows:

"The foregoing analysis of the act of congress veiwed in the light of the principles just stated demonstrates that section 424 (of the Transportation Act) has no application to an action of the kind here involved but applies to common carriers apart from their operation under Federal control and we so hold."

This case involving the identical point raised by counsel for defendant in the case at bar. This decision was rendered by the court in October, 1923, and is the last word of the highest court in the land on this subject which we have been able to find.

See, also, the following decisions.

In re: Bibner Oil Co. 264 Fed. 668.

Chesapeake & Delaware Canal Co vs. U. S. 223 Fed. 926.

State of Iowa vs. Carr, 191 Fed 257.

Our Act 223 of 1914 provides that actions of this kind shall be brought within two years; but a state statute of limitation cannot avail in a case of this kind.

See: City of N. O. vs. Salmen B. & L. Co., 135 La. 828, 66 South. 237.

On the question of estoppel, pleaded by defendant, we find that this identical question has been disposed of by the Supreme Court of the United States in the case of Railway Co. vs. Fink, 250 U. S. 579, as follows:

"Nor can the defendant in error successfully invoke the principle of estoppel against the right to collect the legal rate. Estoppel could not become the means of successfully avoiding the requirement of the act as to equal rates, in violation of the provisions of the statute."

Citing, Railroad Company vs. York & Whitney, 215 Mass. 36, 102 N. E. 366.

On the question of admissibility of evidence, we find that in order to show the correct freight rate from South Bend, Indiana, to Farmerville, Louisiana, plain-

tiff offered in evidence certain extracts from schedules of rates on file with the Interstate Commerce Commission, certified to as correct by the Secretary of the Interstate Commerce Commission under the Commission's seal. Defendant objected to the admission of these documents for the reason that they are *res inter alois acta,* and hearsay: and he strenuously insists that in view of the fact that defendant had no opportunity to interrogate the Secretary of the Interstate Commerce Commission his evidence in the form in which it is offered, is inadmissible and not binding on it.

Section 16 (L) of the Interstate Commerce Act, volume 4 Federal Statutes Annotated, 2nd edition, page 488, reads as follows:

"The copies of schedules and classifications and tariffs of rates, fares and charges, of all contracts, agreements and arrangements between common carriers filed with the Commission as herein provided, and the statistics, tables and figures contained in the annual or other reports of carriers made to this Commission as required under the provisions of this act shall be preserved as public records in the custody of the Secretary of this Commission and shall be received as prima facie evidence of what they purport to be for the purpose of investigation by the Commission, and in all judicial proceedings; and the copies of the extracts from any of the said schedules, classifications, tariffs, contracts, agreements, arrangements or reports made public records as foresaid, certified by the Secretary under the Commission's seal, shall be received in evidence with like effect as the originals."

And in the case of Hanish vs. U. S. 227 Fed. 584, it was held that the above provision is not limited to proceedings before the Interstate Commerce Commission and that "all judicial proceedings" should be construed without exception.

It is not contended that the schedules offered in evidence did not set forth the correct freight rates. from South Bend, Indiana, the shipping point, to Farmerville, Louisiana, the place of delivery; but the objection was made that the documents were not admissible in evidence.

The act above cited and quoted and the decision of the United States Supreme Court definitely settle the question against the contention of the defendant.

We therefore hold that neither the plea of prescription nor estoppel is good, and further hold that the evidence offered by plaintiff to establish the correct freight rates was admissible and the defendant liable.

But the court made an error in the amount of the judgment. The correct amount of freight was $165.00. Defendant paid $42.38, leaving a balance of $122.62. The lower court gave judgment for $124.73. We are satisfied that this error in the judgment is due to the fact that plaintiff in his petition alleged that the defendant paid only $40.27, whereas it paid $42.38.

The court also allowed war tax amounting to $3.74. This item was not proved. Mr. Whittiker, the agent for the railroad company testified that he thought the war tax was 3%, although he was not certain. He said there were schedules posted showing the correct amount but these schedules were not offered in evidence. This item not being proved should not have been allowed.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to read as follows: It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, James G. Davis, Director General of Railroads of the United States, and against defendant Selig & Baughman Hardware Company, Incorporated, in the full sum of one hundred twenty-two and 62/100 dollars together with legal interest

thereon from judicial demand, and all costs of this suit.

## ON APPLICATION FOR REHEARING

CARVER, J. Appellant applies for a rehearing on the sole ground that our decree having reduced the judgment of the lower court should have carried costs of appeal.

The reduction was only $3.74, amount of a war tax claimed by plaintiff and allowed by the lower court but disallowed in this court on the ground that the witness whose testimony was relied on to prove the claim did not testify positively what the amount of the tax was but only that he thought it was 3%.

We think the maxim *de minimis noncurrat lex* would apply; but there is also a better ground for rejecting the application for rehearing.

The bill actually paid by appellant was $40.27, on which the war tax was figured $2.11, or, say, .5% of the freight. The proper tax was a matter of law and needed no proof. It was evidently more than $3.74 on a bill of $165.00

The plaintiff, though, does not ask any rehearing so as to claim allowance of this item.

We think our decision does no injustice to defendant.

Rehearing refused.