JOHN W. CONNOLLY *vs.* JENNIE W. ROGERS.

Essex.    June 24, 1935. — September 13, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Landlord and Tenant,* Assignment of lease, Extension of lease, What constitutes lease.

The original lessee under a lease containing a clause giving him preferential treatment in negotiations for renewal or extension, which lease was assigned by him to a corporation under his control, was not, after the

expiration of the lease, liable for rent under a purported "extension" of the lease made by the lessor and the corporation and providing for greater rent, though the "extension" was negotiated for and executed by the original lessee as agent for the corporation; the "extension" constituted a new lease to the corporation.

CONTRACT. Writ dated August 6, 1934.

The action was heard in the Superior Court without a jury by *Williams*, J., who found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*W. E. Sisk & R. L. Sisk*, for the plaintiff.

*R. W. Dunbar, J. D. Graham, & L. N. Gordon*, for the defendant.

PIERCE, J. This is an action of contract to recover $3,500 alleged to be due as rent under a written lease. The case was submitted on an agreed statement of facts, and no question as to the form of pleading was raised. The plaintiff requested the judge to rule (1) "That upon the admitted facts and inferences to be drawn therefrom the plaintiff is entitled to recover"; and (2) "That under the extension of the lease the defendant, Jennie W. Rogers, remained bound by all the covenants of the lease and the extension thereof." The judge denied these requests, and ruled that the plaintiff was not entitled to recover. The plaintiff duly excepted to said ruling and refusal to rule, and the case is here on the plaintiff's exceptions so saved.

The agreed statement of facts is, in substance, as follows: On August 25, 1925, the defendant entered into a written lease with the predecessors in title of the plaintiff's assignor, by which the defendant became the lessee of a store in Brookline, Massachusetts, for a term of five years commencing January 1, 1927. The lease limited the use of the demised premises to the conduct of a "florist's business." On February 10, 1928, the defendant, and others, procured the incorporation of said florist's business under the name of J. W. Rogers, Inc., and the defendant and her son, John Stanley Rogers, were elected president and treasurer, respectively, of the corporation. On said February 10, 1928, the defendant assigned the lease to the corpora-

tion and the owners of the estate assented to the assignment with a proviso "that this consent shall not operate to release the within-named lessee from any obligations under any of her covenants in the said lease contained." After this assignment and consent, J. W. Rogers, Inc., assumed full possession, management and control of the leased premises, and all rent paid thereafter was paid by the corporation's checks to the plaintiff's assignor or to her predecessors in title, and all communications, written or oral, concerning the lease emanated from the said J. W. Rogers, Inc.

The original lease contained the following provisions: "The Lessors agree that the Lessee shall be given reasonable opportunity to acquire and have the option to take, and [sic] extension of this lease (or a new lease of the premises) for not exceeding five additional years, upon as favorable terms as Lessors may then offer or be willing to make to, or with, any other party. . . . And the said lessee for herself and her representatives hereby covenants and promises with and to the said Lessors, their representatives and assigns, that she will during said term, and for such further time as the said Lessee or any other person or persons claiming under her shall hold the said premises, or any part thereof, pay unto the Lessors, their assigns the said yearly rent . . . ."

Subsequently J. W. Rogers, Inc., and the plaintiff's assignor, Cecelia G. Toomey, who was the then owner of the premises, executed a document, the material portions of which are as follows: "Know all men by these presents that the lease entered into the 25th day of August, 1925, by and between John Druker et als, Trustees of the Beacon Park Street Trust, lessors and Mrs. Jennie W. Rogers, lessee, and which lease was assigned by said Rogers to J. W. Rogers, Inc. a Massachusetts Corporation, in consideration of the sum of one dollar and other valuable considerations is hereby extended for a period of five years from the date of expiration of the lease which is January 1, 1932, and said extension to run for a period ending January 1, 1937, provided that the rental for the period from

January 1, 1932 to January 1, 1935, shall be at the rate of $3600 per annum, payable monthly at the rate of $300.00 in advance, and the rental for the period from January 1, 1935 to January 1, 1937, shall be at the rate of $4000.00 per annum payable $333.34 per month in advance, and provided all the other terms, covenants and conditions of the lease to be kept and performed on the part of the lessee are done." This document was signed by the plaintiff's assignor and, in behalf of J. W. Rogers, Inc., by the defendant, as president, and John Stanley Rogers, as treasurer, of the corporation. The rent named in the last mentioned document was greater than that named in the original lease. It is agreed that the rent sought to be recovered in this action "had accrued and become payable since January 1, 1932"; and that the action is to recover for rent accruing under the aforesaid extension agreement and after the expiration of the original five-year term.

On the above quoted covenant and the admitted facts the plaintiff contends that the defendant was obligated to pay the rent provided for in said lease and for the further period that said lease was extended because J. W. Rogers, Inc., clearly represented her and was designated by her to occupy under the extension, citing *68 Beacon Street, Inc.* v. *Sohier*, 289 Mass. 354. It is well settled that a lessee who is bound by privity of contract as well as of estate cannot, by an assignment of his lease, escape liability arising out of the contractual relationship. *Farrington* v. *Kimball*, 126 Mass. 313, 314. *Greenleaf* v. *Allen*, 127 Mass. 248, 253. *Carlton Chambers Co.* v. *Trask*, 261 Mass. 264, 267. And in the case at bar it is to be noted that the assent to the assignment contained an express proviso that the defendant was not to be released from liability under the covenants of the original lease.

The plaintiff further brings to our attention the fact that the extension in terms does not run to J. W. Rogers, Inc.; that the vote to extend and the assent to the extension do not mention that the term was extended expressly to J. W. Rogers, Inc.; and that these facts clearly must be taken to indicate that the old lease was to continue in force for

the additional period. He further argues that the option granted was to extend the original lease which would bind the original parties, as distinguished from an option of renewal which contemplates a new lease upon the terms of the old lease, citing *Shannon* v. *Jacobson*, 262 Mass. 463, 468. In answer to this contention the defendant points out that the lease under consideration contains no absolute option upon fixed terms — in legal effect it is no more than a preferential right or opportunity to obtain an extension "upon as favorable terms as Lessors may then offer or be willing to make to, or with, any other party." *Chandler & Co. Inc.* v. *McDonald-Weber Co.* 215 Mass. 365, 367. *Cloverdale Co.* v. *Littlefield*, 240 Mass. 129. Compare *Wall* v. *Hinds*, 4 Gray, 256, 267. Manifestly, in the case at bar, the type of option under consideration contemplates negotiations between the lessor and the lessee or party seeking the extension and an agreement as to both the amount of rent payable during the extended term and the length of that term. The negotiations were carried on between Toomey and the corporation. There are no facts to indicate that the defendant in her individual capacity entered into the negotiations or authorized the corporation to act in her behalf in the matter. It is plain that in the circumstances the defendant was not bound by the agreement between Toomey and the corporation assignee, in which transaction she participated only as an agent of the corporation. *Talbot* v. *Rednalloh Co.* 283 Mass. 225, 231, 232.

The plaintiff further argues that if the contention of the defendant is true, then after January 1, 1932, there was no valid or binding lease upon anyone, which was manifestly not the thought of the parties; that such a construction is contrary to the well settled principle that if possible "a construction rendering a contract valid and enforceable is to be preferred to one which makes it void or its performance impossible or meaningless." *Talbot* v. *Rednalloh Co.* 283 Mass. 225, 230. The answer is that the mere fact that the later agreement is called an extension does not preclude the result that the corporation by signing the later agreement thereby bound itself directly to Toomey by a

new lease upon the terms of the old lease. It was so held upon similar facts in *Talbot* v. *Rednalloh Co.* 283 Mass. 225, 233–234.

It follows that the defendant under her covenant to pay rent is not liable for rent accruing within the term provided by the agreement between Toomey and the corporation. *Leavitt* v. *Maykel*, 203 Mass. 506, 510.

*Exceptions overruled.*