AMERICAN BOARD OF COMMISSIONERS FOR FOREIGN MISSIONS *vs.* DANIEL A. ROLLINS, trustee, & others.

Suffolk.    December 14, 1937. — April 8, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Trust,* Sale of property by trustee.

Evidence warranted a finding that a trustee of real estate acted in good faith and with reasonable diligence, skill, and judgment in conducting joint private negotiations for a sale of the property with two bidders, one of whom was a lessee of the property with an option to buy upon paying the highest price offered by any other bidder, where a contract of sale resulted with the lessee for a fair price upon his equalling a bid made by the other bidder after the trustee had called for his final bid, though thereafter the other bidder made and the trustee refused a higher bid.

BILL IN EQUITY, filed in the Superior Court on November 27, 1936.

Material averments in the bill were that the plaintiff was one of the residuary beneficiaries of a trust under the will of William K. Crosby, late of Boston; that the defendant Rollins, trustee thereunder, having two offers for the sale of certain property of the trust, one of $170,000 from Crosby and Hill Company, Inc., and one from another person for

---

* The trial judge ruled that Johnson on October 5, 1931, the date of the assignment described *supra*, page 180, held the shares of stock in question "upon an implied trust for the benefit of the petitioner," and refused to rule that that assignment "did not operate to convey to the petitioner any title to said stock". No question as to parties appears to have been raised either in the Probate Court or in this court. — REPORTER.

$175,000, "negligently and without due care and without reasonable efforts to secure a higher price, and acting under a misapprehension of law with regard to his rights and obligations as trustee," declined the offer of $175,000 and accepted the offer of $170,000. The prayers were merely that the sale for $170,000 be enjoined.

After a hearing by *Hurley*, J., a decree was entered dismissing the bill. The plaintiff appealed.

*D. Burstein*, for the plaintiff.

*D. G. Rollins*, (*H. J. Winslow* with him,) for the defendant trustee.

*H. W. Ogden*, (*J. S. Marsh & H. R. Isaacs* of Delaware with him,) for the defendants Crosby and Hill Company, Inc., & others.

LUMMUS, J. The defendant Rollins, hereinafter called the defendant, is trustee under a Massachusetts will, the last codicil to which was executed in 1922, and as such held a building and land in Wilmington, Delaware, subject to a lease given by the testator to a corporation called Crosby and Hill Company, Inc., which was to expire on February 1, 1934. The trustee had express power to "manage" and "lease" that property. An agreement made by the testator in 1923 with the lessee provided that "in the event of said property being offered for sale after the death of . . . [the testator and his wife] the said Crosby and Hill Company, Inc., have the first option to purchase the said property upon payment of the highest price any other bidder will then offer for the property but in no event less than $150,000." In terms that agreement is not limited by the life of the lease. The defendant as trustee gave two extensions of the lease, making it expire May 1, 1939, and preserving "all the terms, agreements and conditions of the said original lease." The will directed the trustee to convert the real estate in Wilmington into cash upon the death of the testator's widow, which occurred on July 28, 1935.

In February, 1936, the defendant received an offer of $140,000 for the property, but was advised by competent appraisers in Wilmington that the value was $160,000. The plaintiff, one of the seven residuary legatees to share in the

disposition of the proceeds of the real estate, advised a sale for $140,000. But another residuary legatee objected, and no such sale was made.

On November 20, 1936, the defendant received a written offer of $160,000 from a reputable Boston attorney who in fact represented S. S. Kresge Company of Detroit, although the identity of his principal was not disclosed until the trial. In view of the agreement of the testator with Crosby and Hill Company, Inc., the defendant wrote that company, stating that, if no higher bid should be made by the attorney, Crosby and Hill Company, Inc., could buy at $160,000. The plaintiff contends that that agreement was invalid, or if originally valid had expired, and should have been disregarded by the defendant. But that is not at all clear, even if we look only at the original agreement. *Prout* v. *Roby*, 15 Wall. 471. See also *Fogg* v. *Price*, 145 Mass. 513; *Barrett* v. *King*, 181 Mass. 476; *Chandler & Co. Inc.* v. *McDonald-Weber Co.* 215 Mass. 365, 368; *Levy* v. *Peabody*, 238 Mass. 164; *Connolly* v. *Rogers*, 292 Mass. 140, 144. Disregard of the right claimed by Crosby and Hill Company, Inc., would probably have drawn the defendant into troublesome, protracted and expensive litigation, with no certainty of a result in his favor. In recognizing the binding force of the agreement he exercised good judgment.

Thinking that $160,000 might not be the highest bid, the defendant invited Crosby and Hill Company, Inc., and the attorney to meet him in person, prepared to bid the highest price that each would pay. In fact, three out of the five directors of that company and the attorney met him in Brookline on November 24, 1936. The attorney offered Crosby and Hill Company, Inc., $2,500 not to exercise its option but to let the attorney or his principal buy the property for $160,000. This offer was disclosed to the defendant. He felt that he was in a difficult situation. He had no customer except the two customers before him. The principal behind one of them was unknown. If one of them should be bought off or should disappear, he was not sure whether the other would stand by his offer. Clearly that other would not increase it. Crosby and Hill Com-

pany, Inc., had authorized the directors present only to bid $160,000, and took the position that it had a right under the agreement to buy at that price without further bidding, having met the offer made by the attorney. It asked a postponement for further consideration. In that situation, the defendant thought it dangerous to prolong the negotiation, and wished to close a bargain with one customer or the other at once. He stated that he would receive only one further bid from the attorney, and then Crosby and Hill Company, Inc., might become the purchaser by equalling that bid. Even after that the attorney found an opportunity privately but unsuccessfully to urge Crosby and Hill Company, Inc., to accept $9,000 and disappear from the transaction. The defendant insisted upon following the course he had laid out. Thereupon the attorney bid $170,000, and Crosby and Hill Company, Inc., equalled that bid. The attorney then offered $175,000, but the defendant refused to receive the offer, declaring the bidding closed. The defendant then accepted a deposit and entered into a written contract to sell the property to Crosby and Hill Company, Inc., for $170,000, requiring the directors present to bind themselves individually for his greater security. The next day the board of directors of that company ratified the contract by vote.

After the attorneys for S. S. Kresge Company had consulted the plaintiff, the plaintiff brought this bill through the same attorneys to restrain the performance of the contract of sale. The attorney who bid $175,000 is still ready to bid that amount or more.

The judge, after hearing the evidence, which is reported, found that the price of $170,000 is fair, and that the defendant "under the circumstances confronting him" acted in good faith and with reasonable diligence, skill and judgment in protecting the interests of the residuary legatees. The evidence, in our opinion, supports these findings. He ordered a decree dismissing the bill with costs, which was entered. The plaintiff appealed.

In our opinion no discussion is needed to show that the judge was right. We discover no error as to evidence.

*Decree affirmed with costs.*