BENJAMIN S. MARSTERS *vs.* JOHN CLING.

SAME *vs.* CHARLES WASSMUTH.

SAME *vs.* EDWARD A. PIKE.

Suffolk.    March 12, 1895. — May 23, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, & BARKER, JJ.

*Right to maintain Summary Process for Recovery of Land.*

The lessee under a written lease of the purchaser at an execution sale of lands may, after written notice to the tenant at will of the original owner to quit and deliver up the premises, maintain an action on the Pub. Sts. c. 175, against him to recover possession thereof without showing forcible entry or forcible detainer; and it is immaterial that the defendant never held under nor attorned to the plaintiff.

ACTION, on Pub. Sts. c. 175, to recover possession of certain premises in Boston. Trial in the Superior Court before *Sheldon*, J., who ordered a verdict for the plaintiff in each case; and the defendants alleged exceptions. The facts appear in the opinion.

*H. J. Edwards*, for the defendants.

*W. F. Slocum*, (*C. H. Fleming* with him,) for the plaintiff.

BARKER, J. In these cases each defendant was a tenant at will of one Kendall of lands of which he was seised as tenant in curtesy. Kendall's estate was attached upon a writ against him, and was duly levied upon and sold and conveyed upon execution to the plaintiff's lessor. Thereafter a written lease of the premises was made by the purchaser at the execution sale to the plaintiff, who thereupon gave to each of the defendants written notice to quit and deliver up the premises to him, as he had taken a written lease of the same for one year. The defendants remained in possession, claiming as tenants at will of Kendall, and the plaintiff brought these actions under Pub. Sts. c. 175.

At the trial, the defendants contended and asked the court to rule that the actions could not be maintained, first, because neither the plaintiff nor his lessor had ever had possession of the premises, and, secondly, because the relation of landlord and tenant did not exist and had never existed between the plaintiff and the defendants.

But the plaintiff holds under Kendall, who was the defendants' lessor, having acquired Kendall's title under the execution sale and the lease from the purchaser at that sale. Originally tenants at will, the defendants were made tenants at sufferance by the sale, and the plaintiff after giving his notices had the right to immediate possession. Each case is that of a tenant who holds possession without right after the determination of a lease, and is an instance of the third class of cases for which the summary process for the recovery of lands is given by Pub. Sts. c. 175, § 1. In such cases the plaintiff need show no forcible entry nor forcible detainer, and he may maintain the action against one who has been the tenant of a former owner to whose title the plaintiff has succeeded, although the defendant has never held under nor attorned to the plaintiff. *Howard* v. *Merriam*, 5 Cush. 563, 567, 583. *Rooney* v. *Gillespie*, 6 Allen, 74.

*Exceptions overruled.*