HERBERT W. COOLEY vs. GEORGE W. COLLINS & trustee.

Hampden.    September 27, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Evidence*, Best and secondary, Presumptions and burden of proof, Self-serving statements. *Landlord and Tenant.*

There is no error in the admission of secondary evidence of the contents of a document, which the party introducing the evidence has given the adverse party no notice to produce, where the document is not one which the adverse party would be expected to have in his possession and he does not show that he could have produced it if he had received notice to do so.

In the absence of evidence on the subject there is no presumption that a lease was executed in duplicate, and, if there is evidence that a certain lease is in the custody of the lessee who is not within reach of the process of the court, a presiding judge may allow the introduction of secondary evidence as to the contents of the lease without the party introducing it calling for its production by the lessor, a deponent in the case, especially where the lessor has testified in his deposition that the instrument alleged to be a lease was merely an agreement that a former lessee might sublet to the alleged lessee.

Where, in an action on a covenant in a lease for rent, the defendant denies liability on the ground that the plaintiff and his predecessor in title accepted other persons as tenants in place of the defendant and collected rent from such other persons, the plaintiff may show that the plaintiff's predecessor and the plaintiff in collecting rent from such other persons acted for the defendant and continued to treat the defendant as tenant of the premises liable for the rent.

In an action for rent, where the defendant contends that the plaintiff accepted another person as tenant in his place, and the plaintiff contends that he still held the defendant liable as tenant and in collecting rent from the other person acted as the defendant's agent, the plaintiff cannot put in evidence his own account book to show to whom he credited the rent collected.

CONTRACT on a covenant in a lease for rent. Writ dated January 24, 1903.

At the trial in the Superior Court before *Hitchcock*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

The portion of the deposition of Frissell mentioned in the opinion, and held to have been excluded erroneously, was as follows:

"Int. 18. When you gave receipts personally, from whom did you acknowledge receipt of payment of the rent?   Ans. It was my opinion that I gave receipts in George W. Collins' name,

that is my best recollection." "Int. 25. State as nearly as you can recollect the conversation which you and George W. Collins had? Ans. I can't remember it exactly. Int. 26. Don't you know what you and Collins talked about? Ans. As I remember it, he came to me when he sold out to the Springfield man and wanted me to sublet it to the Springfield man and as I recollect, I refused but told him I would give him permission to sublet it to him. Int. 27. Is the talk you have mentioned in the last answer the conversation you had with Collins as near as you can remember it? Ans. That is as near as I can remember it now." "Int. 34. Did you deal with Collins, or his son as your tenant? Ans. His son paid the rent. Not as my tenant as I remember. Gave the receipts in George W. Collins' name."

*C. T. Callahan,* for the plaintiff.

*A. L. Green,* for the defendant.

BARKER, J. On August 10, 1899, the defendant and one Frissell, the plaintiff's predecessor in title, executed a lease for the term of three years from August 11, 1899. On May 1, 1901, Frissell conveyed the leased property to the plaintiff. The action is to recover unpaid rent from March 10, 1902, to August 10, 1902.

The case was tried with a jury and after a verdict for the defendant comes here upon exceptions taken at the trial to the admission and exclusion of evidence.

1. The evidence tended to show that the premises were first occupied by the defendant personally, and then by one Deming to whom the defendant sold out his business; that Deming in turn sold out to the defendant's son who upon his purchase occupied the premises, and that afterward they were occupied in turn by Haskell and Hastings, Haskell and Blanchard, and C. W. Haskell, until vacated in June, 1902, and that at the time of the plaintiff's purchase the actual occupation was by the defendant's son who bought out Deming.

One defence relied on was that during Deming's occupancy the original lessor and then owner Frissell had with the assent of the defendant made a new lease directly to Deming of the premises for the then unexpired term of the original lease. Oral evidence of this lease to Deming was admitted subject to the

plaintiff's exception.   He now contends that evidence of the contents of the lease was inadmissible because the defendant had given the plaintiff no notice to produce the original document, and, Frissell's deposition having been taken by the plaintiff, had not asked Frissell to produce the Deming lease or to testify concerning it, and because there was no sufficient proof of its loss.

It did not appear where Deming was at the time of the trial and he was not called as a witness.   The evidence tended to show that when Deming bought out the defendant Deming came up to Holyoke from Hartford, Connecticut, and remained on the premises some six or seven weeks when he sold out to the younger Collins.   The defendant testified that all he knew about Deming was that when he bought the business he came from Hartford, and that he had made inquiries in Holyoke concerning the whereabouts of Deming but had received no information.

As the Deming lease was not a document which the plaintiff would be expected to have in his own possession and as the bill of exceptions does not state that the plaintiff claimed that he could have produced it if he had received notice so to do, the fact that no notice to produce it had been given did not make the secondary evidence inadmissible.   Neither did the defendant's omission to put cross interrogatories to Frissell asking him to annex it to his deposition.   So far as appears the lease was not in duplicate and was given to Deming.   In fact Frissell in answer to direct interrogatories addressed to him by the plaintiff in his deposition and also in answer to cross interrogatories propounded by the defendant had in substance testified that, at the place and on the occasion when the defendant testified the deponent Frissell had given the lease to Deming, he had signed some paper which embodied his then agreement with the defendant as to the leased premises, he testifying that it was an agreement that the defendant might sublet to Deming.

The question whether the situation was such as to make secondary evidence of the contents of the instrument admissible was for the court.   *Donelson* v. *Taylor*, 8 Pick. 390.   *Page* v. *Page*, 15 Pick. 368.   We do not find in the bill of exceptions anything to show that the decision of the presiding judge to

admit the secondary evidence was wrong. He fairly might infer that Deming had the custody of the document and that he was not within reach of the process of the court.

2. Some parts of Frissell's deposition were excluded against the plaintiff's exception, which in our opinion should have been admitted. The twenty-fifth, twenty-sixth and twenty-seventh interrogatories called for conversations between the deponent and the defendant. We see no ground for excluding these questions and answers. "'What a party says' observes Mr. Justice Parke, 'is evidence against himself, as an admission, whether it relates to the contents of a written paper, or to anything else.'" *Loomis* v. *Wadhams*, 8 Gray, 557, 562, and cases cited.

3. The defendant's contention being that he was not liable because either Frissell or the plaintiff, or both, had accepted other persons than the defendant as tenants and had collected rent of them as such tenants, this made admissible evidence that Frissell and the plaintiff had in fact continued to treat the defendant and not the actual occupants of the premises as tenants liable for the rent. *Whicher* v. *Cottrell,* 165 Mass. 351. For this reason we think that the testimony of Frissell in answer to the eighteenth interrogatory, that he gave receipts in the defendant's name, and the testimony offered that the plaintiff himself, although he collected rent from the occupants, invariably made out his bills and receipts in the name of the defendant, should have been admitted.

4. The plaintiff's account book was not admissible to show to whom he credited the payments of rent and was properly excluded.

As some evidence offered by the plaintiff was wrongly excluded the verdict must be set aside and there must be a new trial.

*Exceptions sustained.*