FORREST W. TAYLOR & others *vs.* FREDERICK J. KENNEDY.

Worcester.    October 1, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Landlord and Tenant,* Surrender of lease, Eviction. *Evidence,* Presumptions
and burden of proof, Relevancy, Self-serving statements. *Pleading, Civil,*
Answer.    *Set-off.    Damages,* In recoupment.    *Estoppel.    Practice, Civil,*
Amendment.

In an action on a covenant in a lease to pay rent the burden of proof is on the
defendant to establish an alleged surrender of the lease.

In an action on a covenant in a lease to pay rent, in which the defence relied upon
is an alleged surrender of the lease, where the defendant has introduced evidence
of an agreement made in behalf of a proposed corporation to take a lease of the
premises for a term of years, the plaintiff properly may be allowed to show that
the proposed lease was not to be executed unless the corporation was formed,
which never was done, and that the agreement was subject to the existing lease.

In an action on a covenant in a lease to pay rent, where the defence relied upon
is an alleged eviction, the plaintiff properly may be allowed to introduce evi-
dence to explain his receipt of rent from a third person in order to show that
it raised no presumption of an intention to evict the defendant who never had
been ousted.

In the same case it was *held* that certain dealings with the key of the demised
premises, while clearly admissible as evidence to show the conduct of the parties,
were not conclusive proof of an eviction of the defendant which absolved him
from the obligation to pay rent.

In the same case it was *held* that a statement made by the defendant's agent in
the absence of the plaintiff that "he had not anything to do with" the demised
premises, was excluded properly as a self-serving statement.

In an action of contract no set-off can be allowed to the defendant where he has
filed no declaration in set-off.

In an action on a covenant in a lease to pay rent the answer, besides setting up
the defences that the lease had been surrendered and that the defendant had
been evicted by the plaintiffs, contained an averment "that by reason of the
representations and acts of the plaintiffs the defendant is damaged to an amount
in excess of the sum which the plaintiffs now claim is due for rent." There was
no evidence in support of the alleged claim in recoupment; but it was *said* that,
if the averment quoted above was to be treated as a pleading in recoupment,
the defendant, while denying that the covenant to pay rent was in force
against him, could not rely on alleged breaches by his lessor of covenants in
the same lease as a ground for damages.

Where a lessor of land sells and conveys the land subject to the lease, with no
reservation of the rent, the grantee by force of the conveyance becomes en-
titled, as a part of the realty, to receive all rent thereafter accruing, no attorn-

ment being necessary to create privity of estate between the grantee of the lessor and the lessee.

A conveyance of land subject to a lease operates as an assignment of the lease and not merely as a grant of the reversion, and, if the lessee is sued by the grantee of the land on his covenant in the lease to pay rent, he cannot set up in defence an oral agreement between the original lessor and his grantee whereby such lessor is given the right to receive the accruing rent until the end of the term.

In an action by a lessor on a covenant in a lease to pay rent, brought after the lessor had sold and conveyed the leased premises, the plaintiff when the case came on for argument before this court asked leave to amend his declaration under St. 1913, c. 716, § 3, by substituting as plaintiff the grantee of the leased premises. It appeared that the grantee had made a new lease of the premises for sixteen years, subject to the lease sued upon, which he had assigned to his lessee, who had entered upon the premises and had occupied them ever since, and it was *held* that, it never having been determined whether the grantee could maintain the action, the plaintiff must be left to take such further proceedings as he chose to take in the trial court, and accordingly the motion to amend was denied.

CONTRACT on an account annexed under St. 1915, c. 146, § 2, for $1,900 alleged to be due as the rent of a store at 412 Main Street in Worcester according to the terms of a lease in writing dated November 17, 1908, and $17.42 for interest thereon to the date of the writ. Writ dated January 7, 1916.

The answer, among other alleged defences, alleged that the plaintiffs evicted the defendant from the leased premises and that the plaintiffs accepted from the defendant a surrender of his lease.

In the Superior Court the case was tried before *Sanderson,* J., without a jury. He found the facts that are stated in the opinion, and, subject to the defendant's exception, made certain rulings requested by the plaintiffs which are described in the opinion. The defendant asked the judge to make the following rulings:

"1. That on or about March 1, 1915, the lease upon which the plaintiffs' action is founded was, surrendered by operation of law.

"2. That between February 22, 1915, and October 1, 1915, the plaintiffs evicted the defendant, to which eviction the defendant assented, and the plaintiffs cannot recover.

"3. That the defendant is entitled to damages by way of set-off to an amount equal to the sum which the plaintiffs claim is due for rent.

"4. That the plaintiffs are estopped from collecting any rent of the defendant."

The judge refused to make any of these rulings. He found that the plaintiffs did not intend to evict the defendant and that they had not either by acts or words evicted him. He also found that the plaintiffs had not accepted a surrender of the lease to the defendant. The judge made a general finding for the plaintiffs and assessed damages in the sum of $2,544. The defendant alleged exceptions.

*J. Clark, Jr.,* for the defendant.

*G. S. Taft,* for the plaintiffs.

BRALEY, J. The defendant as lessee covenanted to pay the rent reserved during the term, and this obligation generally would continue after as well as before he assigned to the Kenney-Kennedy Company, as he remained liable by privity of contract even if the assignee also became liable through privity of estate. *Way* v. *Reed,* 6 Allen, 364, 368, 369. *Carpenter* v. *Pocasset Manuf. Co.* 180 Mass. 130, 133, 134. It is contended however by him, that his liability has been terminated by either a surrender of the lease or by an eviction by the lessors to which he assented.

"The rule of law, as now settled by the recently adjudicated cases, is, that any acts which are equivalent to an agreement on the part of a tenant to abandon and on the part of the landlord to resume possession of demised premises amount to a surrender of a term by operation of law." *Talbot* v. *Whipple,* 14 Allen, 177, 180. And the defendant has the burden of proof. *Leavitt* v. *Maykel,* 210 Mass. 55. It appears in the findings of fact by the trial judge, that while the defendant and his assignee ceased to occupy the store in the month of August, 1913, "and from that time to the end of the period of the lease were willing to be relieved from liability thereunder," yet they "sublet the store from time to time and paid rent to the plaintiffs until and including the month of February, 1915." During this month the agreement in writing on which the defendant relies as releasing him was executed by one Butler, the duly authorized representative of the estate of the lessors, and the City Trust Company, acting by one Minton, whereby the company was to lease the store for a term of seven years from the first day of March, 1915, leaving the original leasehold a year to run before expiration by limitation. Butler and

Minton, as the judge finds, orally agreed and understood, that, as the company had not been organized, the lease referred to in the agreement was not to be executed unless a charter should be obtained. It is further found that Butler stated to Minton that the agreement was subject to the existing lease "which would have to be cancelled if a new lease was written, and if the old lease was not given up . . . the agreement would be null and void;" and that the lease referred to in the agreement was not to be executed unless the charter should be obtained. The defendant, even if he knew of the written agreement, is not a party to it, and the plaintiffs properly were allowed to show that the instrument was not to become operative unless the corporation was formed, as well as to explain the subsequent receipt by the lessors of rent from Minton during the period of the attempted organization of the company, but which never was chartered, and the acts of one Kenney, who having authority " to act for the defendant in all matters connected with the lease," aided in procuring, and in the collection of rent from a subtenant. *Maionica* v. *Piscopo,* 217 Mass. 324, 328. *Bowes* v. *Christian,* 222 Mass. 359, 362.

The evidence as to all the transactions was admissible also on the issue, as to whether the defendant had been evicted. It is settled that where as in the case at bar the lessee relies on the defence that other tenants have been accepted from whom rent has been collected, the lessor may show, that his acts when explained raise no presumption of an intention to evict, and that in fact the tenant never has been ousted. *Taylor* v. *Finnigan,* 189 Mass. 568, 573, and cases cited. *Cooley* v. *Collins,* 186 Mass. 507, 510. *Skally* v. *Shute,* 132 Mass. 367. The evidence of sending the key of the store to the plaintiffs on January 1, 1916, after the subtenant ceased to occupy, and its return by the plaintiffs to Kenney by whom the key subsequently was tendered to the plaintiff Taylor, who refused to receive it, while clearly admissible, was not conclusive proof of acts absolving the defendant, but incidents only to be considered in connection with the conduct of the parties.

But the statement made by Kenney to the sublessee in the absence of the plaintiffs or their agent, that "he had not anything to do with the store," was a self-serving declaration which was excluded properly.

And the judge's findings, "that the plaintiffs did not intend to evict the defendant and that they have not either by acts or words evicted him," and "that the plaintiffs have not accepted a surrender of the lease to the defendant," having been warranted on the evidence, the defendant's first, second and fourth requests were refused rightly. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89.

Nor could the third request have been given. A short answer is, that the defendant had not declared in set-off as required by R. L. c. 174, § 8. If however the averment in the answer, ". . . the defendant says that by reason of the representations and acts of the plaintiffs the defendant is damaged to an amount in excess of the sum which the plaintiffs now claim is due for rent" is treated as pleading recoupment, there is no evidence to support the claim. The defendant, while he repudiates his express covenant, cannot at the same time rely on it as ground for damages against the lessor. And having been allowed the full benefit of all payments received by the plaintiffs under the arrangement with Minton, he fails to show any ground of complaint. *Deane* v. *Caldwell,* 127 Mass. 242.

The result ordinarily would be that the defendant should be held liable for the remainder of the rent as it accrued. But he also excepted to the giving of the first four requests of the plaintiffs, which in substance were, that although the plaintiffs before the rent accrued for the recovery of which the action is brought sold and conveyed the premises by deed absolute in form, yet they could recover, because under a contemporaneous parol agreement to which the defendant was a stranger, it was agreed between the lessor and the grantee, that the plaintiffs should collect the rent for the remainder of the term and pay it to the grantee. The rulings cannot be supported. The lease was prior to the deed, and the grantee by force of the conveyance which contained no reservation of the rent by the lessor became entitled as part of the realty to receive all rent thereafter accruing. *Burden* v. *Thayer,* 3 Met. 76, 78. It was early decided in this Commonwealth that to constitute privity of estate between the grantee of the lessor and the lessee no attornment was necessary. *Farley* v. *Thompson,* 15 Mass. 18, 25, 26. *Marsters* v. *Cling,* 163 Mass. 477. The grant also operated as an assignment of the lease as well as

a conveyance of the reversion. *McNeil* v. *Ames*, 120 Mass. 481. *McNeil* v. *Kendall*, 128 Mass. 245, 249. And, if sued by the grantee, the defendant could not have escaped payment by pleading and proving the oral agreement, that the plaintiffs and not the grantee should receive the accruing rent until the close of the term. *Patten* v. *Deshon*, 1 Gray, 325. *Russell* v. *Allen*, 2 Allen, 42. *Dunlap* v. *Bullard*, 131 Mass. 161, 163. The grant cannot be cut down, and the estate with all its incidents which vested in the grantee who thereby became the landlord, affected or divested by secret parol agreements to the injury of the defendant, whose subsequent rights as to whom the rent was legally payable, and by whom the landlord's covenants were to be performed, are founded upon it. *Hunt* v. *Thompson*, 2 Allen, 341. *Brockett* v. *Bartholomew*, 6 Met. 396, 399. *Sanders* v. *Partridge*, 108 Mass. 556, 558, 559. *Hammond* v. *Thompson*, 168 Mass. 531, 532, and cases cited. *Noble* v. *Brooks*, 224 Mass. 288, 291. *Montague* v. *Gay*, 17 Mass. 438. R. L. c. 74, § 1, cl. 4.

But, even if the exceptions are well taken, the plaintiffs ask leave to amend under St. 1913, c. 716, § 3, by substituting the grantee as the party plaintiff. The rent declared for on the account annexed now permitted by St. 1915, c. 146, included by stipulation of parties rent for the month of February, 1916, all of which accrued after the conveyance. While the plaintiffs under the parol agreement have paid to the grantee the full amount of rent from the time of his purchase until the lease terminated, their rights to subrogation do not depend on these payments, which in so far as the debt is concerned were purely voluntary, but on the enforceable claims, if any, which the grantee has against the defendant. The grantee having leased the store by indenture on October 1, 1915, for sixteen years from that date, subject to the lease in question, which he assigned to the lessees who apparently at once entered into possession and have since occupied, the question whether the grantee can maintain an action has never been determined. We are accordingly of opinion that the plaintiffs must be left to take such further proceedings in the trial court as they may be advised.

*Exceptions sustained.*