MAURICE F. REIDY & others *vs.* FREDERICK J. KENNEDY.

Worcester.   January 14, 1919. — September 12, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Res Judicata.   Landlord and Tenant.   Evidence,* Competency.

At a second trial, after the sustaining of exceptions, of an action for rent alleged to be due under a lease in writing, where the defence alleged is an eviction of the defendant by the lessor and a surrender of the lease to the lessor by the defendant, evidence offered by the defendant to prove such eviction and surrender by the same facts that were in evidence at the former trial, on which the trial judge had found that there was no eviction and that the lessor had not accepted a surrender of the lease, is not to be excluded as *res judicata,* no final judgment having been entered.

At the trial of an action for rent alleged to be due under a lease in writing, where the defence was an alleged eviction of the defendant by the lessor and a surrender of the lease to the lessor by the defendant, evidence was offered and was excluded by the judge, that the defendant had ceased to occupy the leased premises, that the plaintiff's agent made an agreement in writing with a third person to give him a lease of the premises conditional upon the forming of a trust company, that, after the making of such agreement, the plaintiff's agent told the defendant's agent that he, the plaintiff's agent, had signed an agreement for a lease, and that the plaintiff's agent when the defendant's agent said to him, "Then I am all through with the store and we have nothing more to do with it," replied, "You are all through with the store and have nothing more to worry about," that the store was occupied for a number of months by one representing the prospective tenant under the agreement and that at the request of such prospective tenant the defendant's agent delivered the keys of the premises to this occupant, that the rent paid by such occupant, until he vacated the premises, was paid over to and received by the plaintiff, and that no demand was made on the defendant for rent until after the application of the trust company for a charter was denied. There was other evidence offered and excluded tending to show a surrender of the lease and an eviction.   *Held,* that the exclusion of the evidence was erroneous.

The owners of a business building sold and conveyed the building and thereby assigned to the grantee an outstanding lease of a store in the building.   The grantee leased the whole building to a new tenant for a long term, subject to the outstanding lease which he assigned to the new lessee.   The lessee under the old lease paid no rent after that time.   By agreement of the parties the grantors paid to the grantee the full amount of the rent under the old lease up to the time of its termination and the grantee paid this amount to his new lessee.   *Held,* that the present lessee could maintain an action on the old lease against the lessee thereunder for the rent that had accrued after the lease and assignment to him, for the benefit of the grantors of the building, the lessors under the lease sued upon.

In the action above referred to, a letter of one of the original lessors written after the sale and conveyance of the property, when he no longer was one of the owners, was *held* not to be competent evidence.

In the same case evidence of a payment of rent by a former occupant of the store to a representative of the former owners, which was not in payment of rent that accrued after the lease and assignment, was *held* not to be admissible.

In the same case it was *held* that evidence that no attempt was made by the former owners to collect rent from the defendant after a certain date was admissible as bearing upon the question of the surrender of the lease by the defendant to the original lessors.

In the same case it was *held* that certain evidence, which was not admissible to prove the surrender of the lease, was admissible for another purpose for which it was offered.

CONTRACT on an account annexed under St. 1915, c. 146, § 2, for rent of a store at 412 Main Street in Worcester alleged to be due under the terms of a lease in writing dated November 17, 1908, for four months, payable in advance on the first days of the months of October, November and December, 1915, and January, 1916. Writ dated January 7, 1916.

The answer, among other defences, alleged that the plaintiffs evicted the defendant from the leased premises and that the plaintiffs accepted from the defendant a surrender of his lease.

In the Superior Court the case first was tried before *Sanderson,* J., without a jury. He made a general finding for the plaintiffs and assessed damages in the sum of $2,544. The defendant alleged exceptions, which were sustained by this court in a decision reported in 228 Mass. 390.

After the rescript the plaintiffs filed a motion to amend the writ by inserting, instead of the original plaintiffs, Maurice F. Reidy, Frank A. Drury and Thomas E. O'Connell, all of the city and county of Worcester, the action being brought in the interest and for the benefit of the original plaintiffs. The motion was allowed "upon the express condition that the defendant shall be entitled to all the rights (including trial by jury) to which he would be entitled if a new action had been brought against him."

The defendant filed an amended answer and claimed a trial by jury. The case was tried before *Raymond,* J. By agreement of counsel the case was tried as if the writ was dated March 2, 1916, and as if the declaration included an item of $500 for rent claimed to be due on February 1, 1916. The jury found for the

plaintiffs in the sum of $2,720.80, including interest from March 2, 1916. The defendant alleged exceptions, raising the points which are stated in the opinion.

The case was submitted on briefs.

*E. H. Vaughan, E. T. Esty & J. Clark, Jr.,* for the defendant.

*G. S. Taft,* for the plaintiffs.

CARROLL, J. This is an action to recover rent alleged to be due under a written lease. The case was first tried in the jury waived session of the Superior Court, where it was found that the plaintiffs were the heirs at law, and executors of and trustees under the will of Ransom C. Taylor, deceased, who executed a written lease of the premises 412 Main Street, Worcester, to the defendant, to commence March 1, 1909, and expire on February 29, 1916; that the rent was $6,000 a year, payable in advance in monthly instalments of $500 on the first day of each month; and that the plaintiffs sought to recover the rent due under the lease from October 1, 1915, to the end of the term.

It was further found that on March 18, 1909, the defendant assigned the lease to the Kenney-Kennedy Company, with the assent of the lessors without waiving the covenants in the lease, and thereafter Frank J. Kenney acted for the defendant and Frank W. Butler for the plaintiffs in all matters connected therewith; that the Kenney-Kennedy Company ceased to occupy the store in August, 1913, when it was sublet, the Kenney-Kennedy Company paying the rent to the plaintiffs until February, 1915; that from August, 1913, until the end of the term, Kennedy and the assignee were willing to be relieved of liability under the lease; that in February, 1915, William H. Minton, who was endeavoring to obtain a charter for a trust company to be located in Worcester, talked with the defendant and Kenney and with Forrest W. Taylor, one of the original plaintiffs, respecting the leased premises as a suitable location for the trust company, and Taylor said he would not release the defendant; that after this interview, on February 23, 1915, when Taylor was away from Worcester, Butler made a written agreement with Minton to lease the store 412 Main Street, Worcester, for the term of seven years from March 1, 1915, but stated to Minton that the agreement was subject to the existing lease to Kennedy, and if this lease was not surrendered the writing would not be effective. It was understood that the lease referred

to in the written agreement was not to be executed unless the trust company obtained a charter.

It was also found that when this agreement dated February 23, 1915, was signed, Butler informed Kenney that Minton had agreed to take care of the rent of the premises while the application for the trust company's charter was pending, and if the trust company were formed it would pay the rents thereafter; that Minton paid the lessors $500 for the rent due March 1, 1915, and let the premises to one Campbell at a rent of $50 a week which was later advanced to $75; that Kenney, acting for Minton, collected the rent from Campbell for seven weeks; that the key of the premises was delivered to Campbell by Kenney and the rent received from Campbell was paid the lessors by Alonzo G. Davis, who was interested with Minton in the organization of the proposed trust company; that, after seven weeks, Davis collected the rents from Campbell until Campbell vacated the store in December, 1915, and paid them to the lessors; that in June or July, 1915, the charter for the proposed trust company was denied; that Minton then requested Campbell to pay the rent to Kenney, but Kenney refused to accept it and Davis continued to collect it from Campbell until the end of his tenancy; and that during this time Campbell was ordered by Davis, at the request of Taylor, to remove from the premises a sign advertising a bankrupt stock of goods.

Further, that on August 18, 1915, the original plaintiffs conveyed the real estate of which the leased premises were a part to Charles M. Thayer, trustee, subject to the Kennedy lease; that it was orally agreed by them that the plaintiffs should collect the rents during the remainder of the term and pay them to Thayer, and these rents at the rate of $500 a month were paid by the plaintiffs to Thayer to March 1, 1916; that on October 1, 1915, Thayer leased the entire premises to Maurice F. Reidy, Frank A. Drury and Thomas E. O'Connell (the present plaintiffs), subject to the defendant's lease, for the term of sixteen years; that when the lease to Reidy and his associates was executed Thayer agreed with them to collect the rent from his grantors and pay it to Reidy and his associates, and the rent was paid them for the five months from October 1, 1915, to March 1, 1916. It was found that there was no surrender of the Kennedy lease to the

plaintiffs, and no eviction by them. The judge found for the plaintiffs and assessed damages in the sum of $2,544.

The case came to this court on the defendant's exceptions, which were sustained. *Taylor* v. *Kennedy*, 228 Mass. 390. The plaintiffs then filed a motion in the Superior Court to amend the writ by substituting as plaintiffs. in the place of Forrest W. Taylor and others, "Maurice F. Reidy, Frank A. Drury and Thomas E. O'Connell, . . . this action being brought in the interest and for the benefit of Forrest W. Taylor *et als,* the plaintiffs originally named in the writ." The motion to amend was allowed upon condition that the defendant "shall be entitled to all the rights (including trial by jury) to which he would be entitled if a new action had been brought against him." The defendant filed an amended answer and at the second trial in the Superior Court the jury found for the plaintiffs. The case is before us on the defendant's exceptions.

The defendant offered evidence tending to show an eviction by the original plaintiffs and a surrender of the lease to them by the defendant; and offered to prove this eviction and surrender by the same facts that were in evidence at the former trial. The offer of proof was excluded on the ground that the eviction and surrender were *res judicata,* to which ruling the defendant excepted.

At the second trial the parties were not the same as at the former trial. At the second trial Reidy and his associates were then the plaintiffs, although prosecuting the action for the benefit of the original plaintiffs, and under the order of the judge of the Superior Court the amendment changing the parties plaintiff was allowed on condition that the defendant be entitled to the same rights to which he would be entitled if a new action had been brought. Although in this court the defendant's exceptions taken at a former trial were sustained, no restrictive order was made limiting the scope of the new trial and no judgment was entered in the case. The plaintiffs cannot invoke the principle of *res judicata* to prevent the defendant from showing by material evidence that the lease was surrendered to the lessors, or that he was evicted. It is only when there is a final determination of the cause and a judgment rendered in an action at law, or a final decree entered in a suit in equity, that the doctrine of *res judicata* is applicable. The rescript in the case merely sustained the defendant's exceptions. This was not a final judgment, and the defendant was not precluded by the

former adjudication from introducing evidence in support of his defence. *Hawks* v. *Truesdell,* 99 Mass. 557, 558. *Leverett* v. *Rivers,* 208 Mass. 241, 244. *Merrick* v. *Betts,* 217 Mass. 502, 503.

Although it was found at the first trial that the defence relied on was not established, it could not be said as matter of law there was no evidence to show the defendant was evicted or the lease surrendered. The evidence offered tended to show that the defendant did not occupy the store mentioned in the lease; that Butler, the duly authorized agent of the original plaintiffs, in February, 1915, after the written agreement between him and Minton was made, told the defendant's agent (Kenney) that he (Butler) had signed an agreement for a lease; and when Kenney said, "Then I am all through with the store and we have nothing more to do with it," Butler replied, "You are all through with the store and have nothing more to worry about;" that the defendant was willing to surrender the lease at any time after August, 1913, when he ceased to occupy the premises; that on March 1, 1915, the store was occupied by Campbell, and at Minton's request the defendant's agent delivered the keys of the premises to Campbell and collected the rents from him for seven weeks, paying the money to Davis, who thereafter collected the rent from Campbell until December of that year, when Campbell vacated the store; that this money was paid to the plaintiff Forrest W. Taylor who was authorized to act for the original plaintiffs; that no demand was made on the defendant for rent until August, 1915, when Kenney told Butler "they had nothing to do with the store, as Butler had told him, Kenney, the last of February that he, Butler, had signed an agreement for a lease, just as binding as a lease, and that the defendant . . . had nothing more to do with the store or worry about;" and that sometime between August and October Taylor was informed of this talk with Butler.

There was other evidence offered, indicating a surrender of the lease, which was proper for the consideration of the jury, and its exclusion may have injuriously affected the defendant's rights.

The evidence excluded also tended to show an eviction. The rent paid by the tenant Campbell was increased by Minton, Campbell was ordered by Minton's agent, at the request of Taylor, to remove a sign from the premises, and Taylor continued to accept the rents collected by Minton from Campbell. *Skally*

v. *Shute*, 132 Mass. 367. As the defendant may have been harmed by the exclusion of this evidence, and because there was error in excluding it, there must be a new trial.

Charles M. Thayer bought the entire premises in August, 1915, and leased them to Reidy, Drury and O'Connell on October 1, 1915, for a long term. No rent has been paid by the defendant since that time and the action is to recover the rent from October 1 to the termination of Kennedy's term. By arrangement between themselves, Taylor paid Thayer and Thayer paid Reidy the full amount of rent due under the defendant's lease until its termination. In *Taylor* v. *Kennedy*, 228 Mass. 390, at page 395, in speaking of the rights of the grantee (Thayer) it was said: "While the plaintiffs under the parol agreement have paid to the grantee the full amount of rent from the time of his purchase until the lease terminated, their rights to subrogation do not depend on these payments, which in so far as the debt is concerned were purely voluntary, but on the enforceable claims, if any, which the grantee has against the defendant." The present plaintiffs as the lessees of the entire building have the right to enforce the claim for rent accruing after October 1, 1915, (see *Winnisimmet Trust, Inc.* v. *Libby*, 232 Mass. 491,) this rent having been paid by Taylor to Thayer and by him to the present plaintiffs. The original plaintiffs, by virtue of this arrangement between the parties, are entitled to whatever rent Reidy and his associates may have a right to recover from the defendant. The defendant was not discharged from his obligations under the lease by this arrangement, and, if his defence is not made out, he remains liable on the lease to the plaintiffs. As it was agreed between the parties that Thayer should look to Taylor for the rent of the Kennedy store, the fact that Thayer did not tell Taylor to collect the rents is not important. *Taylor* v. *Kennedy, supra.* See Sheldon on Subrogation, § 248.

It remains to consider some of the questions of evidence which may arise at another trial. The defendant offered in evidence a letter from Forrest W. Taylor to Kennedy, dated October 6, 1915, enclosing a bill for $800 for rent to October 1, 1915. The original plaintiffs conveyed the property to Thayer in August, 1915, and Reidy, Drury and O'Connell, the present plaintiffs, became the lessees on October first of that year. When Taylor wrote to the

defendant, he was not the owner of the premises and his letters were not competent evidence in a suit by Reidy and his associates for rent accuring after October 1, 1915.

The defendant's offer to show the payment of $900 by Campbell to Davis between the dates October 4 and December 20, 1915, was not admissible. The $900 was not paid to the present plaintiffs, it was not paid by the defendant, and was not in payment of the rent which accrued after October 1, 1915.

The evidence of Taylor's change in his methods of collecting the rent after March 1, 1915, and that no attempt was made to collect rent from the Kennedy company after that date, was admissible as bearing upon the question of the surrender of the lease by Kennedy or the Kenney-Kennedy Company to the original lessors.

The evidence admitted under exception ten, that Kenney did not obtain the original lease from Taylor or Reidy, was competent.

As the ninth exception is waived by the defendant, we do not consider it.

The evidence excluded under exception eleven, while not admissible to prove the surrender of the lease to Reidy and his associates, was admissible for the purpose for which it was offered, that is, to show the basis of Davis's authority in collecting the rent and managing the leased premises.

What we have already said disposes of exception twelve; and the exception taken to the closing argument of the plaintiffs' counsel need not be considered.

*Exceptions sustained.*

---

MEMORANDUM.

On the sixteenth day of September, 1919, the Honorable William Caleb Loring resigned the office of a Justice of this court, which he had held since the seventh day of September, 1899.