## CARLTON CHAMBERS COMPANY *vs.* MARY S. TRASK.

Suffolk.    October 13, 1927. — November 22, 1927.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Landlord and Tenant,* Liability for rent after subletting by tenant, Surrender. *Estoppel. Waiver. Practice, Civil,* Ordering verdict.

The obligation of a lessee under a lease of real estate to pay rent to the lessor in accordance with the covenants in the lease can be terminated only by a surrender of the lease accepted by the lessor.

The mere submission, by a lessor of real estate, of bills for rent to one to whom, with the lessor's acquiescence, the lessee had sublet the premises, and the collecting of rent by the lessor from such subtenant, is not evidence warranting a finding of a surrender by the lessee accepted by the lessor.

In an action by a lessor against the lessee of real estate for rent at the rate of $6,480 per year and charges for electricity, alleged to be due under covenants in the lease, it appeared that, with the consent of the lessor, the lessee had sublet the premises, and there was evidence that at the request of the lessee and for the lessee's convenience the lessor had sent bills for the rent to the subtenant and had promised to let the lessee know by the tenth of the month if the subtenant did not pay. The lessor gave the lessee no such notification until over $6,000 was due from the subtenant. The judge ordered a verdict for the plaintiff. *Held,* that there was no evidence warranting a finding either that the plaintiff was estopped to claim the rent due under the covenants of the lease or that he had waived such claim.

CONTRACT upon a lease of real estate in the city of New York by the plaintiff to the defendant. Writ dated October 5, 1923.

In the Superior Court, the action was tried before *Dubuque,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the plaintiff in the sum of $8,996.13, and reported the action for determination by this court.

The case was submitted on briefs.

*H. V. Cunningham,* for the defendant.

*Lee M. Friedman & L. B. King,* for the plaintiff.

SANDERSON, J. The plaintiff, by two written leases, let a part of its building in New York to the defendant and is seeking to recover rent and charges for electric current in accordance with the terms of the leases. At the close of the evidence a verdict was directed for the plaintiff and the case reported. The amount of the verdict is not in dispute if the defendant is liable on the covenants in the leases; but it is contended that the jury could have found that the defendant had been relieved from her obligations under those covenants.

Both leases by their terms were to end September 30, 1922; the annual rental was $6,480, payable monthly, and in addition the lessee was to pay for electric current. The defendant, whose place of business was in Boston, opened a second store in the leased premises and carried it on from the beginning of the tenancy in 1918 until about June, 1919, when she sold her New York business with the store fixtures, and sublet the leased premises by oral agreement to Stremmell, Inc., in whose behalf Mrs. Stremmell conducted the negotiations. The defendant's sole place of business thereafter was in Boston. Before the sale to Stremmell, Inc., was

consummated, the defendant asked one Plummer (who described himself as managing agent for the plaintiff) if she might be released from her obligations under the lease. This request was refused but permission was given the defendant to sublet with the understanding that the defendant should continue to be responsible for the rent, and upon this basis the arrangement with Stremmell, Inc., was concluded. The defendant's understanding of her continued obligation under the leases was expressed in a letter dated June 28, 1919, in which she requested permission to sublet and stated that she would expect to be responsible for the rent during the term covered by her leases. For a few months after the subletting, bills for rent were paid by the defendant in Boston and she collected from her subtenant in New York. In September, 1919, the defendant wrote Stremmell, Inc., requesting it to arrange with the landlord to have bills sent directly to it in the future. The plaintiff wrote the defendant stating in substance that the request had been received but that it declined to comply for the reason that it did not care to recognize the defendant's subtenant.

The defendant offered testimony tending to prove that about November, 1919, she asked Plummer to render bills to Mrs. Stremmell on the premises and to accept her check, and to let the defendant know by the tenth of the month if Mrs. Stremmell did not pay; that Plummer said he would do this if it would be easier for the defendant; and that she heard nothing more from him until June, 1922, when she received from the plaintiff a bill for overdue rent and charges for electric current amounting to $6,162.86. The testimony of Plummer tended to show that there was no request by the defendant that she be notified of nonpayment of the rent by Mrs. Stremmell; that the request that bills rendered Mrs. Trask be sent in care of Mrs. Stremmell in New York was made in order to avoid the inconvenience to her Boston office, and he consented to send bills to Mrs. Trask, care of Mrs. Stremmell, at the New York place of business with the understanding that the plaintiff's rights under the leases should not be prejudiced. He testified that he tried to collect the money from Mrs. Stremmell by writing and by asking for it personally, and that she paid a part of it and

also made promises to pay which were not kept; that all bills from November, 1919, to August 1, 1922, were sent in the form above suggested. The bills introduced in evidence were in this form and no one testified to seeing bills covering this period made out in any other form. There was no evidence to contradict the testimony of the defendant that she did not know until she received the notice in June, 1922, that Stremmell, Inc., had not paid the rent as it had accrued.

The submission of bills by a landlord to a lessee's subtenant and collecting rents from such subtenant would not, in and of itself, create the relation of landlord and tenant between the lessor and sublessee, and would not relieve the lessee from her covenant to pay rent. *Haley* v. *Boston Belting Co.* 140 Mass. 73. *Lennox* v. *Haskell*, 253 Mass. 334. 36 C. J. 378. Even in the case of an assignment by the lessee, the collection of rents from the assignee by the lessor does not relieve the lessee from his covenant to pay rent. Both may be liable for the rent. *Wall* v. *Hinds*, 4 Gray, 256. *Dwight* v. *Mudge*, 12 Gray, 23, 25. *Greenleaf* v. *Allen*, 127 Mass. 248, 253. *Johnson* v. *Stone*, 215 Mass. 219. *Taylor* v. *Kennedy*, 228 Mass. 390, 392. In *Way* v. *Reed*, 6 Allen, 364, at page 369, the court said: "Doubtless it is competent for a lessor to enter into such stipulations with an assignee as to accept him as sole tenant, and to absolve the original lessee from his contracts. But an intent to create a new contract and to annul the lease as against the original lessee must be clearly shown; otherwise the rule of law by which the lessee and the assignee will both be held liable to the lessor must prevail." The obligation of the lessee to pay rent in accordance with the covenant in the lease can be terminated only by a surrender of the lease accepted by the lessor. *Deane* v. *Caldwell*, 127 Mass. 242, 248. *Johnson* v. *Stone, supra. Taylor* v. *Kennedy, supra. Lennox* v. *Haskell, supra. Security System Co.* v. *S. S. Pierce Co.* 258 Mass. 4.

During the trial, in reply to a question put by the judge, the defendant's counsel stated that the only issue involved was whether or not there was a surrender or giving up of a former tenant and the accepting of a new. "Any acts which are equivalent to an agreement on the part of a tenant to abandon and on the part of the landlord to resume possession

of demised premises amount to a surrender of a term by operation of law." *Talbot* v. *Whipple,* 14 Allen, 177, 180. *Brewer* v. *Dyer,* 7 Cush. 337, 339. *Taylor* v. *Kennedy, supra.* If it should be assumed that Plummer had authority to agree to a surrender of the lease, the evidence, in the aspect most favorable to the defendant, would not justify a finding that there had been a surrender.

In 1922, after the controversy over the rent arose, counsel for the defendant in a letter to the plaintiff referred to Stremmell, Inc., as Mrs. Trask's subtenant. The defendant in her testimony stated that she had never said that the plaintiff would "let her off the lease," but only that it would send bills to Mrs. Stremmell and let the defendant know if they were not paid. When the defendant requested Plummer to collect the rent of Stremmell, Inc., there was no suggestion that the defendant was to be released from her covenants, and Plummer could assume that the defendant's understanding that she was to remain liable under the leases, as stated in her letter when she asked for permission to sublet, was to continue. The only conclusion properly to be reached on the evidence is that rent which the defendant owed the plaintiff was to be collected for her by Plummer from her subtenant; and the evidence would not justify a finding that Stremmell, Inc., was to cease to be a subtenant of the defendant.

The jury could have found that Plummer promised to notify the defendant if Stremmell, Inc., failed to pay rent by the tenth of the month; but his failure to keep this promise, if made, is not evidence of a surrender. Nor does it tend to show that either party understood that the liability of the defendant under the leases had come to an end. Such a promise seems to assume that the defendant's obligations were to continue. Neither party gave up or gained any new legal rights by the alleged agreement with Plummer, and his compliance with the defendant's request to collect rents of the subtenant could not be found to create a new tenancy. The defendant gave up no legal rights which she had either against Stremmell, Inc., or the plaintiff, and no relation of privity of estate was then established between the plaintiff and Stremmell, Inc. See *Torrey* v. *Adams,* 254 Mass. 22, 27.

If, notwithstanding the statement at the trial that the only issue in the case was that of surrender, the defences of waiver and estoppel may now be urged, the evidence would not justify a finding for the defendant on either of those issues. There was no express agreement to waive any rights which the plaintiff had against the defendant and no facts were proved from which waiver could be inferred.

The defendant seeks to establish an estoppel based upon the alleged promise of the plaintiff to give each month a notice if the rent was not paid; and contends that this promise, when not kept, should be construed to be equivalent to a statement each month that the rent had been paid. We do not pause to discuss other reasons why the jury would not be justified in finding that the plaintiff is estopped to recover rent of the defendant, because it is clear that a mere failure to keep the alleged promise to give notice could not work an estoppel; nor could the failure to keep that promise be construed to be a statement of an existing fact made when the promise was broken. *Jackson* v. *Allen*, 120 Mass. 64, 79.

We have considered all of the contentions of the defendant and are of opinion that upon a consideration of all the evidence the ruling of the trial judge was right. In accordance with the terms of the report, judgment is to be entered on the verdict.

*So ordered.*