Bolster, C. J.,
The late Joseph Miehelman, Esq., occupied certain premises in Brighton until September 18, 1934. He had been a tenant at will of one Patch, who, as mortgagee of Burr, had taken possession in April, 1933. Michel-man’s rent, $60. a month, was payable in advance on the first of each month. That due on August 1, 1934 was not paid. On August 3, 1934, Patch relinquished possession ta the plaintiff London, who had become the owner of the equity of redemption by April, 1935, and had been collecting Miehelman’s. rent as agent of Patch. On August 24, *221 1934, there were executed and recorded a discharge of his mortgage by Patch, coupled with an instrument relinquishing his possession, and a deed from London to the plaintiffs Waldstein. Michelman’s first actual knowledge of these transactions was on Sunday, August 26, confirmed by letter of Samuel Waldstein on August 27, telling of the deed and asking him to vacate as soon as he could do so, not later than October 1.
The plaintiff London now sues for the August rent as assignee in writing from Patch. The Waldsteins sue on a count for use and occupation, at the former rate, for the period from August 24 to September 18, and a count for use and occupation as a tenant at sufferance, for $32.50, for the period from September 1 to September 18. The trial judge has found for London for $4.00 the rent for August 1 and 2, and for the Waldsteins for $48. on their first count. The defendant now claims error in both findings, and the plaintiff London has obtained a report of the finding for only $4.00.
Unless there is a difference between a deed by a landlord and a relinquishment of possession when his only right is as mortgagee in possession, or a difference between rent payable in advance or in arrears, the plaintiff London is not entitled to recover for occupancy during any part of the month in which his assignor’s act terminated the tenancy. When Patch allowed Michelman to occupy, he did so in his own right as owner of a defeasible title, which, while it lasted, was paramount to any title in London, and not in any privity with it. His possession was not that of an agent for London. Accountability over to London, in the event of redemption, for rents which he may have received, does not constitute Patch an agent. His relinquishment of possession and of the right to possession on August 3 as effectually determined the tenancy by will of both parties *222 as the death of a landlord. Ferrin v. Kenney, 10 Met. 294, or a conveyance by him, Hammond v. Thompson, 168 Mass. 531, or a sale of his estate on execution. Marsters v. Cling, 163 Mass. 477, cf. Howard v. Merriam, 5 Cush. 563.
The relation of landlord and tenant at will is reciprocal. The latter engages for fealty and a payment of rent, while the former promises to protect the tenant in his possession. The latter cannot do that after he has surrendered his right to possession. London, had he so chosen, could have ejected the tenant after possession was relinquished to him.
Even if relinquishment of possession did not end the tenancy, the discharge of Patch’s mortgage in the same month certainly did so.
The fact that the rent was payable in advance does not change the rule. That was decided in Highland Trust Co. v. Slotnick, 289 Mass. 119. That case is not to be distinguished because of what the court said about' eviction. That was a case of entry by a mortgagee with a superior title. In the present case the crucial question is the destruction of an existing tenancy by withdrawal of the will of one party. It follows that, the monthly rent not being apportionable, neither Patch nor his assignee can recover anything, cf. Smith v. Shepard, 15 Pick. 147. Hall v. Middle-by, 197 Mass. 487.
The ease is not within Gen. Laws, Ch. 186, §8. The prior law against apportionment was plain. Nicholson v. Munigle, 6 Allen 215, Fuller v. Swett, 6 Allen, 219, Dexter v. Phillips, 121 Mass. 178.
In Emmes v. Feeley, 132 Mass. 347, it was held that a conveyance by the landlord was not within the statute, so as to allow apportionment. In Adams v. Bigelow, 128 Mass. 365 the statute was held not to apply when the mortgagee of a term lessor entered. These cases differ from this in *223 ' that there was a voluntary act in the first and a failure to pay in the second, whereas Patch had an estate defeasible by payment of the debt, and was then bound to discharge his mortgage, cf. Withington v. Nichols, 187 Mass. 575. Nevertheless, the statute makes a tenant at will liable only in the cases of surrender, notice to quit for non-payment of rent, or death, none of which happened here. We cannot expand the statute terms, and we read the word “lease” in the first line of Section 8 as meaning a term lease and not a tenancy at will.
This report does not involve any right personal to London as owner of the equity of redemption. He stands here only as assignee. The defendant filed a general denial, and added by amendment what is termed an answer in recoupment, setting up the termination of the tenancy on August 3, and asking recoupment for the remaining part of August. But the determination of the tenancy during the month barred any action later brought by Patch, or in his right. London moved to amend his declaration by adding a new count for use and occupation as tenant at sufferance from August 3 to August 24. The motion was denied. That denial is reported, but no rulings had been requested in connection therewith, and no facts are stated as a reason for denial. Such a report raises only the naked question of power, and power to allow amendment imports power to deny it.
In the Waldstein case the decision was right, even if the reason given for it was wrong. Michelman had not been London’s tenant, and he could not bé tenant at sufferance to Waldstein deriving title from London. Burke v. Willard, 243 Mass. 547. But the agreed facts show an occupancy by consent, express on the part of Waldstein, tacit on the part of Michelman. The natural inference is that the use *224 is to be paid for, rather than to be free. Waldstein could have peaceably ejected the occupant. It is not necessary to a tenancy at will that a term be fixed, or that there be an express agreement as to rent. Hall; Landlord & Tenant, Sections 1, 3. But whether it be termed a tenancy or a mere license is of no great consequence, none of the defendant’s requests raising any question as to the pleadings. Ideal Leather Goods Co. v. Eastern S. S. Corp., 220 Mass. 133.
The result, of an implied agreement to pay, is the same in either case.
In London v. Miehelman Judgment for defendant.
In Waldstein v. Miehelman Report dismissed.