Allow, J.
Action of contract to recover rent under a lease.
On July 25, 1949, the defendant vacated premises occupied by Mm under a lease running to April 1, 1951. On the same day he deft the key for the premises in an office occupied by another tenant in the same building. On August 2, 1949, the defendant by letter notified the plaintiff that he elected to terminate the lease because the premises were useless for his purposes as a result of the plaintiff’s failure to keep the premises in repair as he had covenanted in his lease. On September 2, 1949, the plaintiff notified the defendant that he did not accept the purported termination of the lease and that he intended to enforce Ms rights against him.'
*71 In this action the landlord seeks to recover the rent for the three month period subsequent to the defendant’s removal.
It is unnecessary to recite the terms of the lease in toto. While the landlord covenanted to provide janitor service and to keep the leased premises clean, the court has found as a fact that there has been no breach of the landlord’s undertaking in this respect.
The only question raised by this report concerns the effect of the landlord’s conduct in allowing his janitor, after September 9, 1949, to use a portion of the premises for which he claims rent as sleeping quarters. It is the defendant’s contention that such conduct constituted an acceptance of a surrender and terminated his obligation to pay rent. The court refused to so rule and found that such use of the premises by the janitor was consistent with the plaintiff’s right to protect his property.
There was no error in this ruling. The lessee has the burden of showing a surrender, Leavitt v. Maykel, 210 Mass. 55; Taylor v. Kennedy, 228 Mass. 390; which is completed by an unconditional acceptance, Talbot v. Whipple, 14 Allen 177, 180; Deane v. Caldwell, 127 Mass. 242, 248; Johnson v. Stone, 215 Mass. 219; or by conduct of the landlord inconsistent with the preservation of the lessee’s interest in the leasehold. Amory v. Kannoffsky, 117 Mass. 351, 354; Walker v. Rednalloh Co., 299 Mass. 591, 595. Mere occupancy of the premises by the lessor or by one acting under him will not conclusively establish a surrender or resumption of possession. Carlton Chambers Co. v. Trask, 261 Mass. 264, 267; 7 Harvard Law Review 499. In this cause the landlord disclaimed acceptance of the lessee’s surrender. In these circumstances the leasehold continues and with it the obligation to pay rent. 14 Harvard Law Review 158. In the case of Roberts v. Wish, 265 Mass. 179, *72 the landlord was allowed to recover rent despite the fact that he permitted another tenant in the building to store boxes in the vacated leasehold. The instant cause presents a much stronger situation for the lessor particularly in view of the court’s finding that the landlord’s conduct was consistent with a determination to protect his property while holding it for the lessee’s account. Report dismissed.